JUDGE PRYOR
delivered the opinion of the court.
Chapter 26, General Statutes, section 1, provides: “ A poor person residing in this state may be allowed by a court to prosecute or defend actions therein, without paying cost, whereupon he shall have any counsel that the court may assign him; and from all officers all needful services and process, without any fees, except such as may be included in the costs recovered from the opposite party.” Section 687 of the Civil Code provides that “ a guardian, committee, or next friend, suing for an infant . . . when insolvent may be required to give security for costs; and on failure to do so in a reasonable *126 time after it is directed by the court, upon the motion of the defendant his action shall be dismissed.”
These two actions that are now consolidated and heard together were instituted in the name of Eliza J. Westerfield, and Nancy E. Westerfield, infants, by their next friend J. Westerfield, against the appellee for an alleged assault and battery of the infant plaintiffs by the defendant, etc.
When the case was called for trial, it appearing that the proehein ami was insolvent, a rule was awarded requiring him to execute a bond for costs. An appearance was entered to the rule and a failure upon the part of Westerfield to execute the required bond. Each of the infant plaintiffs then filed an affidavit setting forth her right of recovery, and stating that she could obtain no one who would appear as her next friend or agree to be substituted in room of J. Westerfield; that Westerfield is insolvent and unable to give security for costs; that all the property owned by her is an interest in a small lot of ground worth $100. She therefore asked that she or her next friend be permitted to prosecute the action as a poor person, as provided by section 1 of chapter 26, General Statutes. This the court refused; and the inability of the parties to give security for costs being conceded, both actions were dismissed.
It is manifest that if the next friend had been the real party in interest, although insolvent, he could have maintained the action in his own name; and the section of the statute referred to was no doubt intended to embrace the character of cases presented by the facts contained in these records. If the infant plaintiff, by reason of her poverty and want of legal capacity to indemnify those against loss who might be willing to offer their services as the next friend, is unable to furnish the name of a solvent party liable for costs, the greater the necessity for permitting those in such a helpless condition to avail themselves of the provisions of the statute.
Any other construction of this law would preclude infants, *127 however great the wrongs committed upon their persons or property, from maintaining an action unless their next friend or guardian was able to pay costs. In these cases both the infant and next friend are insolvent, and from the action of the court below the result must follow that this infant, invested with the right to have redress for the assault upon her, is without remedy.
The section of the statute gives to the court a discretion in permitting or refusing the application to prosecute or defend an action without the payment of costs; still this discretion is not arbitrary; and upon a state of facts showing the right of the party (as has been shown by the infant in this case) to maintain the action and the grounds for a recovery, nothing else appearing, it is the duty of the court to permit the prosecution of .the action without the payment of costs, and such should have been the order in each of these cases.
The judgment is reversed and cause remanded with directions to set aside the order dismissing the petitions, and for further proceedings consistent with this opinion.