# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## APRIL TERM, 1907

CASE 1.—ACTION BY ROY HOBBS AGAINST LOUISVILLE H. & ST. L. RY CO. INVOLVING THE RIGHT OF THE PLAINTIFF, AFTER DISMISSING HIS ACTION WITHOUT PREJUDICE, TO INSTITUTE AN- OTHER WITHOUT PAYING THE COSTS OF THE FIRST ACTION.—May 30.

## Hobbs v. L., H. & St. L. Ry. Co.

Appeal from Henderson Circuit Court.

J. W. Henson, Circuit Judge.

From a judgment of dismissal plaintiff appeals. Reversed.

Costs—Stay of Subsequent Action Until Payment.—Under Ky. St. 1903, sec. 884, authorizing a resident poor person to prose- cute an action without paying costs, where such a person dis- missed an action without prejudice, he may maintain another action upon the same cause without paying the costs awarded against him in the former action; it not appearing the dis- missal was intended to harass defendant or burden it with unnecessary costs.

DORSEY & STANLEY for appellants.

### POINTS AND AUTHORITIES CITED.

1. If there was ever a case that will appeal to or touch the heart of a court it seems to us it is the case at bar. Here is a boy fifteen years old, delicate, weak, with his arm amputated, unable to work, who sues by his father and next friend, who is totally blind and without a dollar in the world, and yet they are

turned out of court because they are unable to pay a railroad company the sum of $47.55. We do not believe this is the law, and we will not believe it until this rule is established and fixed by this court.

2. No disposition is shown upon the part of this appellant to annoy or worry or to nag this railroad company, but he has simply in a quiet, unostensible way, proceeded to secure his rights as he understands them, and because he has seen fit to dismiss this suit without prejudice once, he has the temples of justice shut in his face and is told to raise $47.55 for the railroad company or get out of court. We don't believe this is law, and we consequently ask and expect at your hands a reversal of this cause.

Civil Code, sec. 37, 616-17-18 and 19; Ky. Stats., sec. 884; Westerfield vs. Wilson, 12th Bush, 125; Richardson vs. Hunt, 5 Ky. Law Rep., 931.

HELM & HELM for appellee.

The motion to stay proceedings in a second suit on the same cause of action is of great antiquity, having early arisen in the English courts in actions of ejectment, where one judgment was not a bar or res adjudicata in subsequent suits to try the same title. Even in ejectment suits the action of the court in staying proceedings was put upon equitable grounds: First, to prevent the process of the court and the courts themselves being made a means of oppression and extortion, by compelling those asking justice to be equitable and make whole a defendant needlessly subjected to court costs; and second, it was declared contrary to both equitable principles and the common law to permit vexatious and repeated litigation. And unless clear grounds to the contrary were shown, there was an almost conclusive presumption that a second suit on the same cause of action and between the same parties was vexatious. The court has doubtless had the experience, or at least observed the practice of persons presenting a claim, saying, "You can better afford to pay this claim than stand the court costs;" and it is undoubtedly true that a great many claims of all kinds are settled simply for fear that the court costs, which it is the right of a citizen to impose upon another, will exceed the amount in controversy, or for which the controversy can be settled. It is obvious that if the practice is permitted of an insolvent and impecunious plaintiff "litigating and relitigating and experimenting and re-experimenting" at the cost of the defendant, and with immunity to himself, that the plaintiff in such cases has a tremendous leverage upon and advantage of a defendant when the claim presented is small. It

certainly can not be in accord with the policy of the law of the State  to encourage or assist or even to acquiesce in the use of the processes of the court as a means of intimidation or extortion.

### AUTHORITIES CITED.

Civil Code, sections 687, 113, subsections 5 and 8, section 737, subsection 11; Encyclopedia of Law and Procedure, vol. 11, (Cyc.) page 255; Sooy v. McKean, etc., 9 N. J. Law, 886; Buckles v. Chicago M. & St. P. R. Co., the Federal Court for the Western District of Missouri (September, 1891), 47 Federal, 424; Supreme Court of New York in Perkins v. Hinman, 19 Johnson's Rep. 237; 3 Cowan, 381, 27 Howards Practice, 156, 3 Abbott's Practice, 365, 5 Duer, 688; Saxton v. Stowell, 11 Paige (N. Y.) 526; Robbins v. Merchants' and Miners' Transportation Co., 116 R. I. 227, 14 Atl. Rep. 860; Schwebe v. Hemrich, 69 Pac. Rep. 643; Matthews in the Supreme Court of Ala. (February, 1906), 40 So. Rep., 78; Henderson v. Griffith, 5 Pet. (U. S.) 151; Gerrish v. Pratt, 6 Minn. 56; State v. Howe, 64 Ind., 18; Fleming v. Penn. Ins. Co., 4 Pa. Stats., 475; Langsdon v. Marks, 86 Ga., 435; McIntosh v. Hoban, 11 Wis., 400.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The only question involved in this case is whether or not a party who has dismissed without prejudice his action will be allowed to maintain another suit upon the same cause against the same parties until he has satisfied the costs adjudged against him in the dismissed action. The appellant—for what reason the record does not disclose—dismissed without prejudice an action brought against appellee, and soon afterwards instituted another based on the same cause.  In the action that was dismissed appellee recovered judgment for $47, its costs in that suit expended. When the second action came up for pleading, motion was made by appellee that appellant, the plaintiff therein, be required to pay by a day certain this cost, on pain of dismissal of his action.  Uncon-

troverted affidavits were filed by the plaintiff showing that he could not pay the costs, and he asked to be permitted to prosecute the second action in forma pauperis; but the lower court ruled that the costs must be paid, and upon his failure to pay them dismissed the action.

We have no statute covering a question like this, nor has it heretofore been brought to the attention of this court. But in many of the state and federal courts it is not unusual to pursue the course adopted by the lower court. In volume 11 of Cyc., at page 255, speaking of this practice, it is said: "The court may, and ordinarily will, stay proceedings in a second action, legal or equitable, between the same parties, for the same cause of action, until the costs of the first action are paid. This is true, irrespective of the manner in which the action terminates, as where the plaintiff is nonsuited, or where he dismisses or discontinues his action, or takes a voluntary nonsuit, or the suit is dismissed for failure of the plaintiff to state a cause of action, or where the complaint is dismissed for failure to pay the costs imposed on opening a default. But the rule does not apply where the second suit is rendered necessary by the act of the defendant himself, as, for instance, by defendant's fraud or perjury in procuring a nonsuit, where the cause of abatement is the death of the party, or where the former suit was dismissed through the attorney's neglect." Where this rule obtains, proceedings in the second action are stayed to a day when the costs of the first suit must be paid, and, if not paid within the designated time, the action will be dismissed; and in these jurisdictions the power is said to be sparingly exercised in the sound discretion of the court, and finds its support in the theory

that it tends to prevent the vexatious multiplication of suits. In the case before us it does not appear that in dismissing his action the plaintiff was actuated by a purpose to harass or annoy or burden the defendant with unnecessary costs; and, as it is apparent that he was unable to pay the costs of the first suit, it would be exercising arbitrary power to deny the right to institute a second suit, and thereby prevent him from prosecuting a meritorious claim.

We do not mean to hold that trial courts, in the exercise of a reasonable discretion over parties and proceedings, to the end that justice may be promoted, will not under any state of case be permitted to require the plaintiff to pay the costs of an action unnecessarily dismissed with the apparent design of subjecting his adversary to unreasonable trouble and expense or to lay down any rule that will prevent the court, in the exercise of a sound discretion, upon a proper showing, from requiring a party, as a condition precedent to maintaining a second action, to pay the costs of the former one between the same parties. But it is certainly not the purpose of our laws, and has never been the practice in this state, to impose upon its citizens burdens that would prohibit them from appealing to the courts to protect their rights or redress their wrongs. The courts are open to the poor as well as to the rich, and, subject to reasonable statutory regulations, every person has the right to prosecute actions for injury done to his person, property, or reputation, and, in the language of the Bill of Rights, "to have remedy by due course of law and right and justice administered without sale, denial or delay." To uphold the ruling of the lower court would be violative of this principle and in conflict with section 884 of the Kentucky Statutes of 1903,

providing that "a poor person residing in this state may be allowed by a court to prosecute or defend an action therein without paying costs; whereupon he shall have any counsel that the court may assign him, and from all officers all needful services and process without any fees, except such as may be included in the costs recovered from the opposite party." In Westerfield v. Wilson, 12 Bush, 125, it was held that a poor infant and his insolvent next friend may be permitted to prosecute an action without giving security for costs, although section 619 of the Civil Code of Practice provides that, "a guardian, curator or next friend, suing for a person under disability, * * * when insolvent, may be required to give security for costs, and on failure to do so in a reasonable time after it is directed by the court, upon motion of the defendant, his action shall be dismissed"—saying: "If the infant plaintiff, by reason of her poverty and want of legal capacity to indemnify those against loss who might be willing to offer their services as next friend, is unable to furnish the name of a solvent party liable for costs, the greater the necessity for permitting those in such a helpless condition to avail themselves of the provisions of the statute. Any other construction of this law would preclude infants, however great the wrongs committed upon their persons or property, from maintaining an action, unless their next friend or guardian was able to pay the costs. The section of the statute gives to the court a discretion in permitting or refusing the application to prosecute or defend an action without the payment of costs. Still this discretion is not arbitrary; and upon a state of facts showing the right of the party to maintain the action and the grounds for a recovery, nothing else appearing, it is the duty of the court to

permit the prosecution of the action without the payment of costs.''

There is no substantial difference between dismissing an action because the party is unable to secure the costs, and dismissing it because he cannot pay the costs of a former action, dismissed for sufficient reasons, and not with the design of vexatiously annoying his adversary. The enforcement of the arbitrary practice adopted by the lower court would in many instances prevent a poor person from obtaining relief to which he might be justly entitled, and deny him that equality before the law that is the boast of our system of jurisprudence.

Wherefore the judgment of the lower court is reversed, with directions to proceed in conformity with this opinion.

Petition for rehearing by appellant overruled.