## Davis v. Davis.

(Decided December 10, 1918.)

## Appeal from Caldwell Circuit Court.

1. **Infants—Next Friend—Bond for Cost—When May Be Required to Execute.**—Under sections 37 and 619 of the Civil Code providing for the execution of a bond for cost by a next friend, the court may require a next friend, if insolvent, to execute a bond for cost unless he is allowed to sue *in forma pauperis*.

2. **Infants—Next Friend—Bond for Cost—When May Be Required to Execute.**—If the next friend has permission to sue *in forma pauperis* or is solvent, no bond for cost should be required.

3. **Infants—Next Friend—Bond for Cost—Evidence Upon Which Court May Require.**—Under the Code provisions it would be good practice for the defendant to file an affidavit showing the reasons why the next friend should be required to give a bond for cost, but the court may require such a bond when it is made to appear by oral or written evidence that the next friend, who has not permission to sue *in forma pauperis*, is insolvent.

S. HODGE for appellant.

J. E. BAKER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by Carnell Davis as next friend of Cynthia Davis and Robert T. Davis, infants, against W. E. Davis, seeking to vacate a judgment under which land, in which the infants had an interest, was sold, and to set aside the deed to the purchaser.

After this, and on August 6, 1917, the defendant, Davis, moved the court to require the plaintiff, Carnell Davis, suing as next friend, to execute a bond for costs. and also filed a general demurrer to the petition. It further appears that on October 23, 1917, the motion to require the plaintiff to execute a bond for costs was sustained by the court in an order reciting that "the defendant's motion to require plaintiff to execute bond for costs herein coming on to be heard, and the court being sufficiently advised, sustained said motion, and said plaintiff is required to execute bond for costs herein, to which the plaintiff objects and excepts." In the same order the demurrer theretofore filed to the petition was sustained and the plaintiff, refusing to plead further, after the demurrer had been sustained, the petition was dismissed.

It further appears that after this and on November 7th the order sustaining the demurrer to the petition and dismissing the same was set aside by another order, which further recited that "a rule is granted against plaintiff to execute bond for costs herein, to all of which the plaintiff objects and excepts, and plaintiff appeared and declined to execute said bond for costs and the court being sufficiently advised, it is ordered and adjudged by the court that the petition be and the same is hereby dismissed."

From the last order dismissing the petition for the reason stated the plaintiff prosecutes this appeal.

In this court other questions are discussed by counsel for appellant, but it seems to us that on the record there is only one question here and that is—did the court commit error in dismissing the petition when the plaintiff failed and refused to execute bond for costs?

It is provided in section 37 of the Civil Code that "A guardian, curator, committee or next friend who brings or prosecutes an action for a person who is under disability is liable for the costs which accrue during his conduct of the action, unless he be allowed to sue *in forma pauperis,* by an order of the court, or by an order of the judge thereof during vacation." And it is further provided in section 619 of the Civil Code that: "A guardian, curator, committee or next friend, suing for a person under disability; and every plaintiff suing as an assignee, except an indorsee of a bill of exchange, when insolvent, may be required to give security for costs; and on failure to do so in a reasonable time after it is directed by the court, upon the motion of the defendant, his action shall be dismissed."

It will be observed that under section 37 of the Code a next friend is liable for costs unless he is allowed to sue *in forma pauperis,* and that by section 619 a next friend may be required, when insolvent, to give security for costs, and on his failure to do so in a reasonable time his action shall be dismissed. Reading these two sections together, as they should be, we find that a next friend is liable for costs unless he is allowed to sue *in forma pauperis,* and that when he does not ask to sue *in forma pauperis* his action may be dismissed upon his failure to execute a bond for costs, if he is insolvent. It would thus seem that the bond for costs can only be

required when it appears the next friend is insolvent, and he does not sue *in forma pauperis*. If he does have permission to sue *in forma pauperis* or is solvent no bond for costs should be required because such a bond would accomplish no useful purpose.

The next friend in this case did not ask to be permitted to sue *in forma pauperis,* and therefore if it appeared to the court that he was insolvent the court had the right, under the Code, after giving him notice that a bond would be required, to dismiss his action upon his failure to execute it.

Under these Code provisions we think it would be good practice for the defendant, if the next friend is insolvent, to file an affidavit showing that fact and asking the court to require him to give a bond for costs, but as the Code does not in terms require the filing of such an affidavit we think the court may require a next friend not allowed to sue *in forma pauperis* to execute bond for costs within a reasonable time, when it is made to appear to the court by oral or written evidence that he is insolvent.

As the Code does not require that the grounds for demanding a bond for costs should be presented in writing we must and do presume on the record before us that the court heard evidence that satisfied it that the next friend was insolvent and therefore required him to execute a bond, giving him reasonable time to do so; and this presumption is borne out by the orders made on October 23 and November 7, reciting that the court being "sufficiently advised" sustained the motion requiring the next friend to execute bond. Aside from the presumption that the court satisfied itself that the defendant was insolvent before requiring bond this order is not susceptible of any other interpretation than that it heard evidence in support of the motion.

We further think the record shows very plainly that the next friend was given time to execute a bond but that conceiving he could not, in the absence of an affidavit showing the insolvency, be required to execute bond, he declined to do so for this reason alone. Of course the necessity for giving a bond could have been obviated by the next friend asking permission to sue *in forma pauperis* if he was insolvent, but it appears that he did not ask permission to sue in this way. Wester-

field v. Wilson, 12 Bush 125; Hobbs v. L. H. & St. L. Ry. Co., 126 Ky. 1.

For the reason stated, we think the ruling of the lower court in dismissing the petition must be sustained but of course this will not bar another action by the next friend.

Wherefore, the judgment is affirmed.