## Sampson v. Morrison et al.

(Decided May 24, 1935.)

MORTON K. YONTS for appellant.

HUBBARD & HUBBARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Julia A. Morrison died a resident of Jefferson county on November 23, 1926, survived by her husband, Andrew Morrison, and her mother, Frances Sampson.

By her will, which was dated February 25, 1920, and probated in the Jefferson county court on November 29, 1926, Mrs. Morrison devised and bequeathed her entire estate to her husband and appointed him executor.

On February 18, 1927, Mrs. Sampson, the mother of the testatrix, filed in the Jefferson circuit court an appeal from the order of probate. The issues were made up and the case was set for trial on May 24, 1927. The executor and devisee, who had also taken several depositions, subpœnaed a number of witnesses and announced ready for trial. Mrs. Sampson not appearing the case was dismissed without prejudice. Andrew Morrison was given a judgment for costs, his costs amounting to $104.55 and Mrs. Sampson's $4.25.

On June 1, 1927, Mrs. Sampson again filed in the Jefferson circuit court a statement of appeal from the order of probate. Thereupon Mr. Morrison appeared and filed in court the affidavit of his attorney showing that the court costs in the former action amounting to $108.80 had not been paid, and moved the court to stay action until the costs in the former case were paid, or to dismiss the case. On November 19, 1927, the court sustained the motion, and no further action was taken until December 1, 1928, at which time Andrew Morrison set the case on the docket and moved the court to dismiss the action because of the failure of Mrs. Sampson to comply with the order of court with reference to costs. On January 19, 1929, the court sustained the motion and dismissed the action. On November 17, 1931, Mrs. Sampson again filed her statement of appeal in the Jefferson circuit court. Thereupon Andrew Morrison filed his affidavit showing that the costs in the two former actions, amounting to $109.80 in the first action and $12.40 in the second action, had not been paid, and moved the court to dismiss the last action because of Mrs. Morrison's failure to comply with the orders of the court in the former actions, and the court sustained the motion to require Mrs. Sampson to pay the costs in the former cases and abated the action until the costs were paid. On May 27, 1932, Mrs. Sampson filed affidavits showing that she was ill at the time the first case was called for trial, and that neither she nor her husband then owned or now owns any property of any kind, and asking that she be permitted to prosecute the case in forma pauperis. This motion was overruled on No-

vember 18, 1932. Thereafter the motion to dismiss the action for failure to comply with the prior order of court requiring the payment of costs in the two former actions was sustained, and the action was dismissed. From that order this appeal is prosecuted.

With the exception of a plaintiff who is a nonresident, or a corporation other than a bank created by the laws of this state, no one is required to execute bond for costs, or to prepay the costs in advance. On the contrary, a poor person residing in this state may be allowed by the court to prosecute or defend an action therein without paying the costs. Section 616, Civil Code of Practice. In Hobbs v. Louisville, H. & St. L. R. Co., 126 Ky. 1, 102 S. W. 818, 819, 31 Ky. Law Rep. 452, we held that under section 884, Kentucky Statutes, authorizing a resident poor person to prosecute an action without paying costs, where such a person dismissed an action without prejudice, he may maintain another action upon the same cause without paying the costs awarded against him in the former action; it not appearing the dismissal was intended to harass the defendant or burden it with unnecessary costs. In reaching this conclusion the court adverted to the fact that it was apparent that plaintiff was unable to pay the costs of the first suit, and that being true it would be exercising arbitrary power to deny the right to institute a second suit and thereby prevent him from prosecuting a meritorious claim. In discussing the question the court said:

"We do not mean to hold that trial courts, in the exercise of a reasonable discretion over parties and proceedings, to the end that justice may be promoted, will not under any state of case be permitted to require the plaintiff to pay the costs of an action unnecessarily dismissed with the apparent design of subjecting his adversary to unreasonable trouble and expense or to lay down any rule that will prevent the court, in the exercise of a sound discretion, upon a proper showing, from requiring a party, as a condition precedent to maintaining a second action, to pay the costs of the former one between the same parties. But it is certainly not the purpose of our laws, and has never been the practice in this state, to impose upon its citizens burdens that would prohibit them from ap-

pealing to the courts to protect their rights or redress their wrongs. The courts are open to the poor as well as to the rich, and, subject to reasonable statutory regulations, every person has the right to prosecute actions for injury done to his person, property, or reputation, and, in the language of the Bill of Rights, 'to have remedy by due course of law and right and justice administered without sale, denial or delay.' To uphold the ruling of the lower court would be violative of this principle and in conflict with section 884 of the Kentucky Statutes of 1903, providing that 'a poor person residing in this state may be allowed by a court to prosecute or defend an action therein without paying costs; whereupon he shall have any counsel that the court may assign him, and from all officers all needful services and process without any fees, except such as may be included in the costs recovered from the opposite party.' In Westerfield v. Wilson, 12 Bush 125, it was held that a poor infant and his insolvent next friend may be permitted to prosecute an action without giving security for costs, although section 619 of the Civil Code of Practice provides that, 'a guardian, curator or next friend, suing for a person under disability, * * * when insolvent, may be required to give security for costs, and on failure to do so in a reasonable time after it is directed by the court, upon motion of the defendant, his action shall be dismissed'—saying: 'If the infant plaintiff, by reason of her poverty and want of legal capacity to indemnify those against loss who might be willing to offer their services as next friend, is unable to furnish the name of a solvent party liable for costs, the greater the necessity for permitting those in such a helpless condition to avail themselves of the provisions of the statute. Any other construction of this law would preclude infants, however great the wrongs committed upon their persons or property, from maintaining an action, unless their next friend or guardian was able to pay costs. The section of the statute gives to the court a discretion in permitting or refusing the application to prosecute or defend an action without the payment of costs. Still this discretion is not arbitrary; and upon a state of facts showing the right of the party to maintain the

action and the grounds for a recovery, nothing else appearing it is the duty of the court to permit the prosecution of the action without the payment of costs.'

"There is no substantial difference between dismissing an action because the party is unable to secure the costs, and dismissing it because he cannot pay the costs of a former action, dismissed for sufficient reasons, and not with the design of vexatiously annoying his adversary. The enforcement of the arbitrary practice adopted by the lower court would in many instances prevent a poor person from obtaining relief to which he might be justly entitled, and deny him that equality before the law that is the boast of our system of jurisprudence."

If this were a case where two appeals had been dismissed on appellant's own motion, a different situation would be presented. However, only the first appeal was dismissed on appellant's motion, and the second appeal was dismissed on the sole ground that appellant had failed to pay the costs of the first appeal. Not only so, but the uncontradicted affidavits show that appellant was ill when the first appeal was called for trial, and that at no time was she able to pay the costs of either the first, second, or third appeal. In the circumstances it hardly can be said that in dismissing either of the former appeals appellant was actuated by a purpose to harass appellee, or burden him with unnecessary costs. We are therefore forced to conclude that the court erred in dismissing this action on the failure of appellant to pay the costs of the two former actions.

Judgment reversed, and cause remanded, with directions to set aside the order of dismissal, and for further proceedings not inconsistent with this opinion.

Whole court sitting.