Tate v. Jacobs.

JOHN TATE, Appellant, v. CHAS. A. JACOBS, Respondent.

Kansas City Court of Appeals, December 7, 1891.

Limitation: SAVING CLAUSE: CONSTRUCTION. Where an action is brought within the period prescribed by the statute of limitation, and a nonsuit is suffered, and then another action is begun more than one year after the nonsuit, yet still within the period prescribed by the statute, such second action is not barred by section 6784, Revised Statutes, 1889, which is a saving clause, intended to save actions otherwise barred, and not to curtail the period which is prescribed by the general limitation act.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

REVERSED AND REMANDED.

*H. B. Babb*, for appellant.

This suit was commenced more than one year, but
less than five years, from dismissal of former suit.   The
main issue presented in this case is an issue of law,
and  the  finding  of  the  same  by the  trial  court  is
the  substance of  each  of  appellant's  assignments  of
errors.   It is whether or not plaintiff's cause of action
was  barred  by the operation of section 6784, Revised
Statutes, 1889.   The case thus presented appears to be
one of first impression.   I have been able to find but
one case in which a similar statute has been construed
by a  court of last resort, and  in that case the  point
determined was not precisely the same as the one in
issue in this case.   In all the cases decided by the
appellate courts of this state in which the construction
of the Missouri statute was involved, the period of lim-
itation fixed by the general statute had expired during
the pendency of the suit dismissed or nonsuited.   It
would seem, however, that the aid of authoritative con-
struction is not needed if the entire act relating to limi-
tations in  personal  actions is  read  together.   It is
evident that the entire purpose of the above-quoted sec-
tion of the Missouri statute is to extend the right of
action, and not to restrict it.   Every clause of said sec-
tion is extensive and permissive, and not restrictive,
and when read with section 6775 of the same chapter
its meaning and purpose are clear.

*Turner, Hinton & Turner*, for respondent.

(1) The  admissions  in  appellant's  brief  and
abstract render it certain that the nonsuit or dismissal

of the first suit between these parties, entered of record in said cause, April 19, 1888, was voluntary. From a voluntary nonsuit no appeal lies. *Holdridge v. Marsh*, 28 Mo. App. 286 ; *Hageman v. Moreland*, 33 Mo. 86 ; *Layton v. Rimy*, 33 Mo. 87 ; *Corby v. Taylor*, 33 Mo. 374 ; *Sone v. Palmer*, 28 Mo. 539 ; *Chouteau v. Rowse*, 90 Mo. 191. ( 2 ) When a plaintiff enters a voluntary nonsuit, from which, as we have seen, no appeal lies, his sole resource is to bring himself within the terms of the limitation act ( R. S. 1889, sec. 6784 ); and the court below committed no error in sustaining respondent's plea in bar and in entering final judgment in his favor.    *Chouteau v. Rowse*, 90 Mo. 191.

ELLISON, J.—This is an action for damages which falls within the five-year period of the statute of limitations.    The plaintiff brought the action within that period.    He suffered a voluntary nonsuit, and more than one year thereafter, but within the five years, brought the present action for the same cause.    The defendant's plea of the statute of limitations was sustained by the circuit court, and the plaintiff appeals.

The defendant's contention is that, notwithstanding the five-year period had not expired when the last suit was instituted, yet, since plaintiff failed to recommence such action within one year after his nonsuit, it is barred under section 6784, Revised Statutes 1889, which reads as follows : "If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed."

This section is known as a saving clause to the statute of limitations.    It is so understood by text-writers.    Wood's Lim., secs. 293, 296; Angell, Lim.,

sec. 322. And it covers voluntary as well as involuntary nonsuit. *Shaw v. Pershing*, 57 Mo. 416. We have no doubt whatever that this statute was not intended in any event to curtail the period which is prescribed by the general limitation act. The fact that a party elects to bring his action the day it accrues ought not to deny him the usual period of limitation simply because he suffered a nonsuit or reversal of his judgment within the period. The statute quoted is to save an action otherwise barred. It is not called into active force till the period of limitation has run. It is not needed till then. It was enacted to extend the period of limitation in the instances named therein, and will not bar an action brought within the general period of limitation for such action. The earnest effort of counsel for defendant has failed to impress us with his view of the matter. The judgment is reversed, and the cause remanded for trial on the merits. All concur.