KARNES, *Appellant*, v. AMERICAN FIRE INSURANCE
COMPANY OF PHILADELPHIA.

In Banc, June 7, 1898.

144 413
1149 322
144 413
84a 611

144 413
95a 1526

1. **Contracts:** LIMITING CITIZENS' POWER TO CONTRACT. Citizens do
not have the absolute right to make all contracts they deem proper.
The State may prohibit such contracts as contravene the policy of
its laws.

2. ——: INSURANCE POLICY: SUIT WITHIN ONE YEAR. An insurance
policy containing a provision that "no suit against this company for
a recovery of a claim under this policy shall be sustainable in any
court unless begun within one year from the date of the fire" is in
conflict with section 2394, Revised Statutes 1889, declaring all parts
of any contract void that limit the time in which any suit thereon
may be brought.

3. ——: ——: ——: CONSTITUTIONAL STATUTE. Such statute is
not unconstitutional, and a suit brought more than a year after the
fire on an insurance policy containing such provision, is not barred,
if not otherwise barred by the statute of limitations.

4. ——: ——: NONSUIT: RENEWED AFTER ONE YEAR: LIMITATIONS.
A plaintiff, having suffered a nonsuit, may begin another action at
any time within the period fixed by the general statute of limitations,
and is not limited to one year from the date of the nonsuit. Section
6784, Revised Statutes 1889, was not intended, and does not pur-
port, to shorten the time given by other provisions of the limitation
act, within which suits may be brought, but is a saving clause to
prevent the bar which could otherwise be invoked.

*Transferred from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*W. W. Fry* and *J. H. Cupp* for appellant.

(1) In the State of Maine a like statute was
attacked, but was held to be constitutional. *Dobler
v. Agl. Ins. Co.*, 67 Me. 180. This seems to be the
only case passing on the question. (2) Respondent
claims the statute violates the constitutional protection
of one's property. In fact it is a wise provision pro-
tecting the policy holder in the right to recover his

loss. It does not impair the obligation of the contract. This statute existed when this policy was issued and the statute became a part of the contract. When the policy was issued respondent subjected itself and its contract with plaintiff to this law governing it. *Ellerbe v. U. M. B. Ass'n*, 114 Mo. 501. (3) This is purely a remedial statute. It does not affect or interfere with any constitutional right or privilege. A party has no vested right in a remedy, and the legislature may pass laws creating, altering, modifying or even taking away remedies for the collection of debts. 6 Am. and Eng. Ency. of Law [2 Ed.], 957; *Conkey v. Hart*, 14 N. Y. 22. (4) A statute changing the time within which an action may be brought effects merely the remedy in which no one has a vested right. *Bradley v. Norris*, 63 Minn. 156; *Wheeler v. Jackson*, 137 U. S. 255; Cooley's Const. Lim. 285-290. (5) Revised Statutes, section 6784, is a saving or protection statute. Under Revised Statutes, section 6775, plaintiff had five years within which to institute her action on the policy, and section 6784 stays the running of the statute of limitations, while a suit is pending and saves to the plaintiff the right to institute a new suit for the period of one year after nonsuit even though the five years have elapsed. If the five years have not elapsed such saving provision is not necessary as he already has said period of five years, but, if it has elapsed he is protected by this statute. *Premo v. Lee*, 56 Vt. 60; *Coffin v. Cottle*, 33 Mass. 385; *Houts v. Shepard*, 79 Mo. 145; *Briant v. Fudge*, 63 Mo. 491.

*George Robertson* for respondent.

(1) The plaintiff took her nonsuit on the sixth of February, 1890, and began this action upon the same cause of action on the twenty-eighth day of

August, 1891, and under the terms of this statute is completely barred. This applies alike to voluntary or involuntary nonsuits. R. S. 1889, sec. 6784; *State ex rel. v. O'Gorman*, 75 Mo. 370; *Childs v. Wallace*, 83 Mo. 85; *Chouteau v. Rowse*, 90 Mo. 191; *Davis v. Hall*, 90 Mo. 659; *Shaw v. Pershing*, 57 Mo. 417; *Glenn v. Liggett*, 135 U. S. 533; *Coffin v. Cottle*, 16 Pick. 383. (2) In 1887 (acts of 1887, p. 99; R. S. 1889, sec. 2394) an act was passed that any contract hereafter made tending to limit the time in which any suit may be instituted shall be null and void. The contract upon which this action is founded has a clause limiting the time to one year from the date of the fire in which a suit may be brought. Our contention is, that this condition of the contract is valid and that the act of 1887 is unconstitutional. *Glass v. Walker*, 66 Mo. 32; 13 Am. and Eng. Ency. of Law, 690; 11 *Ib.*, 349; 1 Cooley's Blackstone, star p. 139; *Comm. v. Perry*, 155 Mass. 117; *Ritchie v. People*, 155 Ill. 98; *State v. Loomis*, 115 Mo. 307; *State v. Julow*, 129 Mo. 163. (3) The act in question is violative of article II, section 4, Constitution of Missouri, Preamble Constitution of the United States, and fifth and fourteenth amendments to the Constitution of the United States. *State v. Loomis*, 115 Mo. 307; *State v. Julow*, 129 Mo. 337; *Comm. v. Perry*, 155 Mass. 117; *People v. Gilson*, 109 N. Y. 389; *Ritchie v. People*, 155 Ill. 98; *In re Jacobs*, 98 N. Y. 98; *Leep v. Railroad*, 58 Ark. 407; *State v. Goodwill*, 33 W. Va. 179.

WILLIAMS, J.—This is a suit upon a policy of insurance, issued April 18, 1888, on a stock of millinery goods belonging to plaintiff. The property was destroyed by fire on the twenty-seventh of November in said year and during the time covered by the policy. The present suit was begun April 28, 1891. The case was tried by the court without a jury, and, at the close

of the testimony, a declaration of law was given that, under the pleadings and evidence, plaintiff could not recover. Judgment was accordingly rendered for defendant, and an appeal was taken to the St. Louis Court of Appeals. The case was transferred to this court on account of the constitutional question hereinafter mentioned.

Counsel have presented only two propositions of law for our consideration, and both relate to the time of bringing this action.

I. The present suit was commenced more than one year after the loss. The policy contains a clause stating that "no suit or action of any kind against this company for a recovery of a claim under this policy shall be sustainable in any court unless begun within one year from the date of the fire." The contract of insurance was made after the act of March 18, 1887 (now sec. 2394, 1 R. S. 1889), went into effect, and the provisions of which are as follows: "All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may instituted, shall be null and void." The statute, it will be observed, does not undertake to interfere with *existing* contracts, but declares null and void all *future* agreements contrary to its provisions.

Defendant assails the act as an unconstitutional attempt to take away the right of private contract, which, it is said, is guaranteed to the citizen. It is argued that "the right to acquire, possess and protect property includes the right to make reasonable contracts which shall be under the protection of the law." The State may nevertheless prohibit such contracts as contravene the policy of its laws, and the right exists to prevent the enforcement of agreements that are against the public policy of the State, or that will

result in fraud, imposition or oppression. The Supreme Court of the United States said in *Frisbie's* case, 157 U. S. 160, "While it may be conceded that, generally speaking, among the inalienable rights of the citizen is that of the liberty of contract, yet such liberty is not absolute and universal. It is within the undoubted power of government to restrain some individuals from all contracts, as well as all individuals from some contracts."

It can not be claimed that parties have the right to make any and all contracts they deem proper. The State has made and may properly make many regulations that will restrict this right. For instance, we have usury laws and their validity is unquestioned. Parties are not permitted to insert certain conditions in insurance contracts which would be perfectly legitimate, but for statutory prohibition. Yet the courts sustain these provisions and declare ineffectual any attempt by contract to evade or nullify the statute. *Equitable Society v. Clements*, 140 U. S. 226; *Havens v. Ins. Co.*, 123 Mo. 403; and see, also, *Henry Co. v. Evans*, 97 Mo. 47.

The legislature determined that a sound public policy demands that the courts of the State shall remain open to litigants as long as their claims are not barred by the statute of limitations, and hence passed this act. The statute proceeds upon the theory that rules limiting the time for bringing suits should be uniform and general, and should not be left to private contract. The policy of the State has been to except from the operation of the statute of limitations persons under certain disabilities and who are therefore entitled to special protection. Yet, when the time is fixed by agreement, the contract must control and the statutory exemptions, based upon wise reasons,

are evaded. It has been held that the law permitting a plaintiff, within a year after suffering a nonsuit, to bring another action has no application when a contract like the one under consideration has been substituted for the statutory limitation. A party, therefore, might bring his suit in good faith, having a just cause of action and, by some mischance without any fault of his, be forced to a nonsuit too late to bring a new suit within the time fixed by the contract; and thereby be unreasonably and improperly deprived of his just rights. The legislature, to prevent the unfair and unreasonable operation of such contracts, established as the policy of this State a uniform rule as to the time within which suits of the same class may be brought, and declared that this should not be changed by agreement. This amounted in effect to a declaration that the statute of limitations fixes a reasonable time for such purpose and hence special contracts for a a different limitation should be prohibited. We think it is within the power of the legislature to adopt this rule and that it is our duty to enforce it. Many of the states have similar statutes (Joyce on Ins., sec. 3224), and whenever the question has been before the courts, the right to pass such laws has been maintained, and stipulations limiting the time to sue, in violation of such statutes, declared void. *Ins. Co. v. Brim*, 111 Ind. 281; *Dolbier v. Agl. Ins. Co.*, 67 Me. 180; *German Ins. Co. v. Luckett*, 34 S. W. Rep. (Tex.) 173; *Mass. Ben. Life Ass'n v. Hale*, 23 S. E. Rep. (Ga.) 849; *Small v. Ins. Co.*, 51 Fed. Rep. 789; *Johnson v. Ins. Co.*, 1 N. Dak. 167; 4 Joyce on Ins., sec. 3184.

II. Plaintiff instituted a suit prior to this one on this policy, and took a nonsuit therein on the sixth of February, 1890. She began the present action more than a year after this nonsuit. Defendant claims that section 6784 of the statutes of 1889 is a bar to this pro-

ceeding. It provides that "if any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit . . . . . . . such plaintiff may commence a new action within one year after such nonsuit suffered."

The time for bringing plaintiff's suit under the general provisions of the limitation law had not expired when she commenced the present action. The claim is that, having brought the defendant into court, and then having suffered a nonsuit, she could not, under section 6784, *supra*, begin a new proceeding after one year from the date of the nonsuit, notwithstanding the general statute of limitations had not run against her claim. In other words, that, although a cause of action might not be barred for ten years, yet if suit should be commenced and a nonsuit taken within one year after the cause arose, plaintiff must bring her action within one year thereafter. We do not so understand the statute. The section under consideration was not intended to *shorten* the time given by the general provisions of the limitation act, but is a *saving* clause to prevent the bar which would *otherwise* be applicable. It does not purport to limit the time for bringing suits, but to save from the statute, for one year after nonsuit, actions which, but for its provisions, would be barred. It extends the time in case of a nonsuit or the reversal of a judgment instead of shortening it. *Long v. Long*, 141 Mo. 352; *Tate v. Jacobs*, 47 Mo. App. 218. The case of *Coffin v. Cottle*, 16 Pick. 383, cited by respondent is not in conflict with the views herein expressed, but supports them. It is said: "It is very obvious that this action, commenced in 1831 upon a simple contract debt, contracted in 1817, would be barred by the statute of limitations *were there no exceptions;* but the Court are

all of the opinion that it is within the *saving clause of the proviso.*" The proviso referred to is very similar to the section of our statute under consideration.

It follows that in our opinion the action is not barred and that the judgment should be reversed and the cause remanded. It is so ordered. All concur.