SIMPSON v. KILPATRICK, Appellant.

Division Two, March 7, 1899.

1. **Patents**: PRIORITY IN ACTIONS AT LAW. When there are two patents to the same land, both regular upon their face, and the action is, under the pleadings, a naked action of ejectment and an issue at law, the senior patent must prevail over the junior.

2. ———: ———: PRIOR SALE BY THE COUNTY. And although the county may have sold the land to the patentee of the last patent before it sold it and issued its patent to the senior patentee, yet if the patentee of the senior patent had no notice of the prior sale at the time of his purchase and bought it in good faith, his patent carried the title, notwithstanding the previous sale to the other subsequent patentee.

*Appeal from Chariton Circuit Court.*—HON. O. F. SMITH, Special Judge.

REVERSED.

LANDER, JOHNSON & LANDER for appellant.

(1) The court erred in ruling and holding that the patent from Chariton county, issued in 1890, under which defendant claims, was not the prior and better title, as against the patent issued by said county March 6, 1891, under which the plaintiff claims. (2) The said circuit court erred in ruling and holding that the memoranda offered in evidence by plaintiff of a previous sale of the land in question by Chariton county was, and is, notice to defendant, or the party under whom he claims, of a prior sale of the land in question to the party under whom he claims, as against the first patent issued November 7, 1890, under which defendant claims. (3) The record in this case presents but one material question, the action being purely one at law. Whether the senior

patent shall prevail over the junior one is the question. The rule is, that the first patent in actions at law, if not void upon its face, vests the title. Cunningham v. Snow, 82 Mo. 587. And in legal actions, investigations behind the patents are not allowed. Doe ex dem. v. Winn, 11 Wheat. (U.S.) 356. (4) When Kilpatrick purchased the land from Chariton county, Alexander, or anyone claiming under him at most held but an equitable claim, a certificate of purchase from the county with one-fifth paid up. The sheriff's deed to Dobbins under judgment and execution against Alexander which conveyed only the equity of Alexander, was not recorded until June 17, 1889, long after the purchase from the county by Kilpatrick, and was not constructive notice to Kilpatrick or even evidence against him. R. S. 1889, sec. 4957. The patent to Oden, assignee of Kilpatrick, of date November 7, 1890, passed the title as against the outstanding certificate of purchase, with one-fifth payment on same. Carman v. Johnson, 20 Mo. 108; Polk's Lessee v. Wendell, 5 Wheat. 293. (5) The trial court improperly applied the fiction of relation in this case. The junior patent to Newman, assignee of Alexander, of date March 6, 1891, can not relate back so as to defeat the intermediate purchaser, Kilpatrick, who purchased the land from the county in 1888, in good faith, without notice or knowledge of any previous sale, and upon which the first patent issued November 7, 1890. Lincoln v. Thompson, 75 Mo. 613; Alexander v. Merry, 9 Mo. 514; Strain v. Murphy, 49 Mo. 337; Calahan v. Davis, 90 Mo. 78.

C. HAMMOND & SON for respondent.

BURGESS, J.—This is an action of ejectment for the possession of forty acres of what is known as swamp land in Chariton county.

The petition is in the usual form, and the answer a general denial. The case was tried by the court, a jury being waived.

Both parties claim under the county, and there is no question but that the land in question is part of the swamp lands ceded to the State by the act of Congress of date September 25, 1850.

Plaintiff claims title under a purchase by William Alexander from the county of Chariton on the twelfth day of September, 1882, at which time Alexander became the purchaser of the land at $1.25 per acre, paid $10 on the purchase money and executed his note to the county in the sum of $40, with William Horner and Thomas Dobbins as his sureties to secure the payment of the balance.

The county having sued Alexander, Horner and Dobbins in the circuit court of Chariton county on their obligation given to the county for the purchase money, on the eighth day of January, 1887, judgment was rendered against them in its favor, its lien as vendor enforced, and the land ordered sold. The land was sold by the sheriff under this judgment on the twelfth day of April, 1887, to Thomas Dobbins for $20. In pursuance of this sale the sheriff executed a deed to Dobbins for the land, which was recorded in the recorder's office of said county on June 17, 1889. Dobbins conveyed the land to W. B. Newman by deed April 29, 1890. This deed was recorded on May 14, 1890. Plaintiff next read in evidence a deed from William B. Newman to himself dated June 1, 1891, and recorded August 27, 1891. He next read in evidence a patent from Chariton county to William B. Newman, assignee of William Alexander, for the land, dated March 6, 1891, recorded in patent swamp land book in the county clerk's office of said county on March 6, 1891, and in the recorder's office of said county March 6, 1891.

Defendant by way of defense showed a purchase by himself of the land from the county on the ——— day of February, 1888, upon which patent issued November 7, 1890, to Wilson Oden, assignee of Kilpatrick, which patent was recorded in patent book in county clerk's office the day of its

date, and also in recorder's office May 9, 1891. Both patents are in regular form. Defendant Kilpatrick claims under the Oden patent.

Kilpatrick swears he purchased the land from the county in good faith, upon the statements of the clerk in charge of the records that the land was for sale; that he knew nothing of any prior sale of the land, etc. The attempt of plaintiff to show that defendant had knowledge of the previous sale to Alexander, or even knowledge of facts sufficient to put him upon inquiry, totally fails to that end. So that the sole and only question before the court upon this record is, whether the first patent to Oden duly issued November 7, 1890, and recorded in the patent book, conveys the better title, as against the patent issued to Newman March 6, 1891.

At the request of plaintiff the court declared the law to be as follows:

1. The testimony in this case shows that the land in controversy was legally sold by the county of Chariton to Wm. Alexander on the fifteenth day of September, 1882, and that said Alexander paid to the county one-fifth of the purchase money, and gave bond for the balance as required by law; and the court declares the law to be that the county having sold the land, any patent or conveyance thereafter issued by the county to any other person except the original purchaser, or his assignee, is void, and passes no title.

2. The order of sale made by the county court of Chariton county September 12, 1882, by which the land in suit was sold to Wm. Alexander; the deed from Moore, sheriff of Chariton county, to Thomas Dobbins, dated April 12, 1887, filed for record June 17, 1889, by which the interest of William Alexander in said land was sold to Thomas Dobbins, under execution in favor of Chariton county vs. Alexander et al.; the patent from Chariton county to Thomas Dobbins, assignee of William Alexander, dated March 6, 1891, filed for record March 9, 1891; the deed from Thomas Dobbins

and wife to Millard B. Newman, dated April 29, 1890, filed
for record May 14, 1890, conveying the land to said New-
man; the deed from Millard B. Newman to Andrew M. Simp-
son, dated June 1, 1890, filed August 24, 1891; the deed from
Millard B. Newman to A. M. Simpson, dated June 1, 1891,
filed August 24, 1891; and the deed from Millard B. New-
man to A. M. Simpson, dated March 2, 1892, filed March 11,
1892, all for the land in controversy, as read in evidence by
plaintiff, are sufficient to vest title to said land in plaintiff,
and the finding must be for plaintiff.

Defendant asked the court to declare the law on his part
as follows:

1.   If the court finds from the evidence that defendant
Kilpatrick, on the seventh day of February, 1888, purchased
the land in question from Chariton county in good faith,
without notice or knowledge at the time that the land had
been sold by the county in 1882 to Wm. Alexander, then the
patent from the county to Millard Newman read in evidence
by plaintiff of date ninth March, 1891, could not, and did not
relate back so as to defeat the title of Kilpatrick, under his
purchase in 1888, which purchase was consummated by
patent from the county, November 7, 1890.

2.   If the court finds from the evidence that Kilpatrick
purchased the land in question from Chariton county on the
seventh day of February, 1888, in good faith without notice
that the land had been previously sold by the county to Alex-
ander, then the patent read in evidence by defendant of date
seventh November, 1890, to Wilson Oden, assignee of Kil-
patrick, being the prior patent, passed the prior right and
title to the land in question, to the patentee Oden, and to the
defendant who claims under said Oden.

3.   Section 6509, Revised Statutes of 889, providing
a remedy in cases of the sale of swamp lands by the county
court, furnishes no remedy to either Kilpatrick, or his as-
signee Oden.   The sale by the county to Alexander, as shown

by the evidence, was not consummated by a patent from the county at the time Kilpatrick purchased from the county, November 7, 1888, and therefore said statute furnished no remedy for either Kilpatrick, or his assignee Oden.

4.   The court is further asked to declare the law: that section 6464, Revised Statutes 1889, provides and requires all patents issued by the county for swamp lands, to be recorded in the patent book in the office of the county clerk, and makes no provision for the recording of the same in any other place or office.   That under the evidence in this case, there was no patent, deed or conveyance in writing, recorded in either the recorder's office, or in the office of the clerk of the county court of Chariton county, Missouri, which did or could give constructive notice to Kilpatrick on the seventh day of November, 1888, that the land in question had been sold to Alexander.

5.   Under the evidence in the case, the finding of the court ought to be for the defendant.

The declarations of law asked by defendant were refused.

To the action of the court in declaring the law in behalf of plaintiff, and in refusing to declare the law as asked by defendant, defendant duly exepted and saved exceptions. The court then rendered judgment for plaintiff for possession of the land, from which judgment defendant, after unsuccessful motion for a new trial, appealed.

There is but one question presented by this record to be passed upon in this case, and that is which patent must prevail, the senior or junior.

When there are two patents to the same land, both regular upon their fee, and the action under the pleadings is a naked action of ejectment and an issue at law, the senior patent must prevail over the junior.   [Cunningham v. Snow, 82 Mo. 587, and authorities cited.]

While by mere fiction of law the patent to Thomas Dobbins for the land relates back to the time of its sale by the county to William Alexander on September 15, 1882, it can not affect the rights of Oden under whom defendant holds in the absence of bad faith, or notice on his part that the land had been sold by the county before his purchase of it from Kilpatrick. [Strain v. Murphy, 49 Mo. 337; Alexander & Betts v. Merry, 9 Mo. 514.]

It follows that the court erred in giving the declarations of law prayed for by plaintiff and in refusing the first, second and fifth asked by defendant.

For these reasons we reverse the judgment.

GANTT, P. J., and SHERWOOD, J., concur.