JAMES H. KLINE, Heir and Successor to AMOS R.
PHILLIPS, v. HERMAN C. GROESCHNER, Ap-
pellant.

Division Two, March 13, 1920.

1. COUNTY LAND: Certificate to Purchase: Subsequent Conveyance.
   Where land belonging to a county is sold by the county and paid
   for, and the purchaser receives a certificate of purchase, the county
   is thereafter powerless to convey it to another person. Nor will
   the failure of the officer whose duty it is to issue a patent, to
   conform to the statutory requirements, affect the purchaser's title
   or right.

2. ———: Proof of Loss of Patent. Where it is shown that the
   owner of the patent issued in 1859 is dead; that search for it
   was made; that the last time it was seen it was in the recorder's
   office; that the court house was burned. at a time when the
   patent was probably lodged in the recorder's office, and that all
   such papers were destroyed in the fire, the loss of the patent
   is sufficiently accounted for.

3. ———: Patent: Record in County Clerk's Office: Mistake in Record.
   The statute (Act of 1857) makes the record of a patent for county
   land in the county clerk's office only prima-face evidence of title;
   and where defendant, claiming adversely to the· patentee, offers
   the record in evidence, in an attempt to show that an uncertified
   copy of the patent which plaintiff has offered as proof of his title
   does not correctly describe the land conveyed by the lost patent,
   the plaintiff can shown that the description in the record is er-
   roneous, and ·that showing may be made by oral testimony, and
   corroborated by. the later list of swamp lands showing that the
   land described in the record was not included therein; and be-
   ing a question of fact in an action at law and the evidence sub-
   stantial, a finding by the trial court that the lost patent described
   land in Section 13 and its record in the county clerk's office de-
   scribing it as in Section 15 was a mistake, will not be disturbed
   on appeal; nor will it be ruled that no other copy of the patent
   was admissible as long as the record in the county clerk's office
   was accessible.

4. ———: Two Patents. Where two patents are issued for the same
   county lands, both regular on their face, the prior one must pre·
   vail over the subsequent one.

5. ————: **Recording Patent: Notice.** The general statutes in regard to recording instruments affecting the title to land do not apply to patents issued by the State. Such conveyances may be recorded, but their effect in vesting title and as affecting notice is not dependent upon their being recorded. Where successive patents are issued by the county for the same land, the question of priority of right is not one of notice.

6. ————: **Recording Patent by County Clerk: Affecting Validity: Notice.** It is the duty of the county clerk to have a patent for county lands recorded in his office before it is delivered to the patentee, but that is not a prerequisite to its vality, nor is it the duty of the patentee to see that the patent is correctly recorded, nor is it necessary for him to make a record of it for the purpose of imparting constructive notice, nor has the county court any power to convey swamp land which has been paid for and correctly described in the patent but incorrectly described in the county clerk's record.

7. ————: **Swamp Land Abstract: Showing Patentees.** The statute requiring an abstract of the swamp lands in a county to be filed in the county clerk's office, does not require the abstract to show to whom the land was patented by the county, but only to show the lands which the county acquired.

8. **LIMITATIONS: Suit Within Ten Years.** A failure to sue for lands within ten years after the right to sue has accrued, does not bar an action under Section 2535, Revised Statutes 1909, to quiet title.

9. ————: **Dismissal: Not Renewed Within a Year.** An action, not brought within one year after a former action for the recovery of the same lands was dismissed, is not barred, if the action, without such dismissal, would not be barred. Section 1900, Revised Statutes 1909, is simply a saving clause to prevent the bar which otherwise would be applicable.

10. ————: **Under Thirty-Year Statute.** To bar an action under the thirty-year Statute of Limitations (Sec. 1884, R. S. 1909) it is necessary to prove that plaintiff has been out of possession for thirty years, that defendant has been in lawful possession for at least one year and that plaintiff has not paid taxes for thirty years. Where the lands are wild, and no one has ever been in possession, the statute does not apply.

11. **LACHES: Action at Law.** Laches is applied only to defeat a claim for some equitable relief. To an action at law for the recovery of land, against which defendant in his answer asks for no equitable relief, laches is not a defense.

12. **ESTOPPEL: No Alteration of Positions.** If it is not shown that plaintiff did something which misled defendant, or that defendant

relied upon something done by plaintiff and thereby altered his position, estoppel does not affect plaintiff's right to recover. Placing mortgages on the lands to secure individual debts, and securing a contract from the county to construct drainage ditches affecting the land, contain no element of estoppel.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. John A. Snider,* Judge.

AFFIRMED.

*E. F. Sharp* and *Oliver & Oliver* for appellant.

(1) The act under which the patent to Shapley R. Phillips in 1859 was issued made no provision for its being recorded in the recorder's office. The execution of that patent was not acknowledged before any officer, nor was the execution of it required to be "proven according to law." It was not entitled to registration in the recorder's office. A copy of it, therefore, was not admissible in evidence for any purpose. It is only copies of deeds or conveyances that have been "acknowledged or proven and recorded" according to law that are admissible in evidence under Sec. 6310 and 6314, R. S. 1909. Sec. 10381, R. S. 1909; Mosher v. Bacon, 229 Mo. 357; Jones on Law of Real Property and Conveyancing, p. 269; Secs. 2792, 2799, 2800, 2803, R. S. 1909. (2) Nor was a copy of it admissible in evidence under Secs. 2818, 2819, R. S. 1909. It was not "acknowledged or proven, certified and recorded, in the manner prescribed by law." Hammond v. Johnson, 93 Mo. 208; Secs. 2818, 2819, R. S. 1909. (3) The act approved February 27, 1857, made the record in the county clerk's office or an authenticated copy of that record the legal equivalent of the original patent for evidentiary purposes. The patent itself recites the act which authorized its issuance, defines its limitations and the conditions under which title passed to the grantees. Section 3 of that act is mandatory. It provides that the patent shall be recorded "before delivery in the office of the clerk of the courts issuing the same." The

same section makes the record on which the patent is recorded, or an authenticated copy from that record, evidence in all courts. So, in the absence of the original patent the record of it in the county clerk's office or an authenticated copy from it was and is the best evidence, and the court erred in admitting a copy of it from the recorder's office. (4) An examination of the swamp land patent record book of New Madrid County discloses the fact that on the 30th day of November, 1859, Shapleigh R. Phillips bought 480 acres of land in section 15, township 22, range 15—not 13. That record shows that the certificate of the purchase was number 310, the identical number given the patent recorded in the recorder's office, December 15, 1902. The county court's record of that patent is in a perfect state of preservation. There is no erasure, mutilation, blur, spoliation or other change on it whatsoever. The statute under which this patent was issued makes the record of it in the county clerk's office evidence in all courts. It is, therefore, in the absence of the original patent, the best evidence, and the court erred in admitting an alleged copy of it from the recorder's office made December 15, 1902. The copy in the recorder's office and the copy in the county clerk's office are identical as to date, number of certificate, quantity of land conveyed, and in every other respect except the record in the county clerk's office. The record in the county clerk's office puts the land in range 15, while the copy of the patent from the recorder's office puts it in range 13. The record in the county clerk's office should prevail. Laws 1857, p. 271. (5) Assuming (without admitting it as a fact) that the copy from the recorder's office might, under certain circumstances, be used as evidence, still there was not a sufficient showing made on the part of the plaintiff of the loss or destruction of the original patent as would authorize the introduction of the copy in this case. Barton v. Murrian, 27 Mo. 240; Christy v. Cavanaugh, 45 Mo. 375, 377; Pierce v. Georger, 103 Mo. 540, 543. (6) Under the Act of 1857, it was made the duty of the county clerk to record

this patent "before it was delivered." This is shown to have been done at the time and by the officer designated by the statute, and we insist that in the absence of the original patent the record in that office or an authenticated copy of it is the best evidence, if not the only record evidence now available. An examination of the statute will show that no authority is given for the recording of a patent from the county court. Laws 1855, p. 163; Sec. 10390, R. S. 1909; Mosher v. Bacon, 229 Mo. 356. (7) The statute to quiet title was enacted in 1897. Plaintiff did not bring this suit until 1910. The ten-year statute is a complete bar to prosecuting it now. Sec. 3225, R. S. 1909; Powell v. Bowen, 279 Mo. 280. (8) This defendant is estopped and barred by reason of his conduct from asserting title to this land in 1910. Horrell v. Shelton, 261 Mo. 243; Powell v. Bowen, 279 Mo. 280. (9) Phillips' patent was entitled to record in the recorder's office under the statute it was entitled to record therein when made in 1859. If it was entitled to record under the provision of Section 2809 it was entitled to record as soon as made. If it was entitled to record and was not recorded in the recorder's office then it was and is absolutely void as to Luce and to Himmelberger-Luce Land & Lumber Company and their grantee, under the provision of Sec. 2511, R. S. 1909. Phillips v. St. Louis Union Trust Co., 214 Mo. 682; Ladd v. Anderson, 133 Mo. 625; Kelly v. Vandiver, 75 Mo. App. 438.

*R. L. Ward* and *Gallivan & Finch* for respondent.

(1) Suit brought under Section 2535 is legal or equitable, depending upon the issues made by the pleadings. Toler v. Edwards, 249 Mo. 159; Lee v. Conran, 213 Mo. 412. The mere pleading of equitable defense without the prayer for affirmative relief will not convert the case from one at law to a suit in equity. Toler v. Edwards, 249 Mo. 159; Shafer v. Deedy, 191 Mo. 388; Withers v. Railroad, 226 Mo. 397; Kaustub v. Miller, 137 Mo. 172. (2) "The doctrine of laches and

estoppel is only applied to defeat a claim for some equitable relief. It is no bar to a claim made under a legal title.'' Chilton v. Nichie, 261 Mo. 243; Hayes v. Schall, 229 Mo. 124; Lumber Co. v. McCable, 220 Mo. 182; Terry v. Groves, 258 Mo. 478; Dunnivant v. Cooperage Co., 188 Mo. App. 95; Harrstick v. Gabriel, 200 Mo. 249. (3) The defendant cannot defeat this action on the plea of the one-year Statute of Limitations, that is, a dismissal of the suit first filed and not re-filing it within a year, because that is not a bar to recovery. It is a saving clause to prevent the ten-year Statute of Limitations from running out and that is its only purpose. There is no ten-year Statute of Limitations here to save and it cannot defeat the action. It was made for the benefit of the party against whom the statute of limitations was running and cannot be taken advantage of by the other side. Tate v. Jacobs, 47 Mo. App. 218; Carnes v. Insurance Co., 144 Mo. 417. (4) The county, by its court, only acts as agent for the State in disposing of swamp lands, and, when they have once sold the land and received $1.25 an acre for it, that power ends, and the purchaser is not responsible for the errors of the officers or their failure to do their duty in recording the patents or report of sale. Mosher v. Bacon, 229 Mo. 348, 357; Russ v. Sims, 261 Mo. 27.

WHITE, C.—This suit is under Section 2535, Revised Statutes 1909, to determine title to the southwest quarter of Section 15, Township 22, Range 13, in New Madrid County, Missouri. The answer, after a general denial and an averment of title in the defendant, pleads the ten-year Statute of Limitations, the thirty-year Statute of Limitations, laches and estoppel, and facts which it is claimed bar the action by limitation under Section 1900, Revised Statutes 1909. There was a judgment for plaintiff determining title in him, and defendant appealed.

It appears from the record and briefs that both parties to the controversy claim through New Madrid County as the common source of title, the land having

been patented by the United States to the State of Missouri in 1856, under the Swamp Land Act of 1850, and by the State of Missouri to New Madrid County in 1857.

Plaintiff claims under Patent No. 310, executed by New Madrid County, November 30, 1859, conveying the east half and the southwest quarter of Section 15, Township 22, Range 13, to Shapleigh R. Phillips. Shapleigh R. Phillips died intestate and on partition proceeding among his heirs the land was set off and adjudged to Amos R. Phillips. Amos R. Phillips died after the institution of this suit, and James Kline, his only heir, succeeded him as plaintiff.

The defendant claims title from two sources: under a commissioner's deed, executed by a commissioner for New Madrid County, November 10, 1881; also under a patent issued by New Madrid County to John Himmelberger, June 29, 1899. These, together with the proceedings leading up to the issuance of the commissioner's deed and patent, were offered in evidence; also mesne conveyances and subsequent proceedings by which, it is claimed, title from both sources was vested in the defendant.

When the plaintiff offered in evidence Patent No. 310 from New Madrid County to Shapleigh R. Phillips, the offer was a certified copy of the patent. This was objected to by the defendant as incompetent on several grounds: because the law required a patent issued by the county to be recorded in the office of the county clerk as a condition precedent to its delivery, and the patent, a copy of which was now offered in evidence, had never been recorded in that office and therefore conveyed no title to the patentee; because the copy was not the best evidence and the original was not accounted for; and because in the absence of the original patent the next best evidence was the record of the patent which is required to be kept in the county clerk's office. These objections were overruled and the copy was admitted in evidence; around this alleged errone-

ous ruling the principal argument and contest of the case revolves.

The defendant then offered in evidence the record in the county clerk's office of Patent No. 310, showing that the land covered by it was in Section 15, Township 22, Range 15.

The plaintiff offered the list of swamp lands in New Madrid County which was required to be filed in the office of the clerk of the county court, called, "The Swamp Land Abstract of New Madrid County," showing that Section 15, Township 22, Range 15 was not listed as swamp land. Plaintiff further offered evidence to show that the southwest quarter of Section 15, Township 22, Range 15 was entered by Shapleigh R. Phillips in 1836 and was an improved farm, and had always been known as such, and was not, therefore, swamp land; and could not have been patented to Shapleigh R. Phillips in 1859 as such.

Murray Phillips was sworn on behalf of plaintiff and testified that he was the grandson of Shapleigh R. Phillips; said he once saw the original patent No. 310; he found it among his grandfather's papers. He was aware then that "the title was being claimed" and he went to the office of the county clerk and compared the original patent with the record which appeared there of Patent No. 310. He found the record in the county clerk's office showed the land in Range 15, when the original patent showed it was in Range 13, indicating that the 15 was written in the record by mistake; otherwise, the record was an exact copy of the original. This original patent was then delivered by him to Amos R. Phillips and the latter had it recorded in the office of the recorder of deeds. Just when this occurred does not clearly appear from the evidence. The courthouse in New Madrid was burned in 1904-1905, and it was inferred that the patent was burned at that time.

The land in controversy was wild land, had never been in cultivation, had never been in the possession of any person, nor fenced, nor any improvements placed

on it. The only acts of ownership shown by either party was that it had been visited and looked at, and both parties and their grantors had executed several mortgages and other conveyances affecting it. Some evidence was offered by both parties as to payment of taxes, and this will be noticed in considering the defenses of the Statute of Limitations.

I. The law which the appellant claims determines the rights of the parties in this case, is the act the General Assembly of Missouri approved February 27, 1859, Laws of Missouri 1856, pp. 271-272, entitled, "An Act in Relation to the Disposal of Swamp Lands." The first section of the act provides

Copy of
Patent.

that when the county courts of certain counties, including New Madrid, shall be satisfied that full payment has been made for swamp lands under the act authorizing the same, they shall cause patents to be issued to the purchasers. Section 2 of the act provides the form of the patent, the manner of its execution, and that such patent shall convey to the grantee therein named all the title the county has acquired under the several acts of the General Assembly and the Act of Congress of 1850. Section 3 of the act is as follows:

"3. Such patent shall be recorded before delivery in the office of the clerk of the courts issuing the same, and such patent, and the record thereof, by such clerk, or by any other officer authorized to record deeds and other instruments of writing, and copies of such records, duly authenticated, shall be received in evidence in all courts, and other places, in the same manner, and with like effect, and may be used as fully for all purposes as patents for lands issued by the United States, or deeds duly proven or acknowledged, or the record of the same are received, or can be used in this State, and shall at all times, and in all courts, and other places, be received as prima-facie evidence of title to the lands and real estate therein named."

Section 4 is as follows:

"It shall be the duty of the Governor of this State to cause to be furnished to each of said counties, as soon as practicable, a list of all the swamp lands in the county, which list shall be recorded in the office of the recorder of deeds, and filed in the office of the clerk of the county court, and shall be a public record, and copies of said list, or of the record thereof, shall be prima-facie evidence that the lands therein described are lands granted by Congress to this State as aforesaid, and by said State donated to the several counties by the said several acts, and shall be received in evidence as such, in all courts and other places."

The appellant claims that under Section 3, Patent No. 310 was of no force or validity until recorded in the county clerk's office. That it was not required to be recorded anywhere else, and the only evidence of the existence of a patent and its terms would be either the original patent, or the record of the same, or a copy of such record as it appears in the office of the clerk of the county court; that therefore the copy of Patent No. 310 offered by the plaintiff was incompetent. It does not appear by whom this copy was made and certified. The questions thus presented to the court were whether the loss of the original was accounted for; whether the purported copy was a correct copy; and, whether the record in the county clerk's office was better evidence of the contents of the original patent than any other copy, however proven.

It is conceded that the patent was not required to be recorded in the recorder's office. It was held by this court in case of Mosher v. Bacon, 229 Mo. 338, where land belonging to a county is sold by the county, and paid for, and the purchaser receives a certificate of purchase, thereafter the county is powerless to convey it to another person. The purchaser receiving the certificate of purchase would have an equitable title which would be good against all the world. It was further decided in that case, l. c. 349, that a purchaser has no control over the land office, nor over the state officers, whose duty it is to issue a patent and conform to the require-

ments of the law, and the failure of such officer to do his duty in that respect would not affect a purchaser's right or title.

· The objection that the loss of the original patent was not accounted for is not well taken. It was shown that the owner of the patent, Amos R. Phillips, was dead. Murray Phillips testified that both he and Mr. Kline, the plaintiff, searched for the patent and were unable to find it; that he made the search at the request of Mr. Kline, and that the last time he saw it it was in the recorder's office; that he was adviser and attorney of Amos R. Phillips, that the courthouse burned, probably while the patent was lodged in the recorder's office when all such papers were destroyed. Thus it appears that the persons who had a right to the custody of the patent were unable to find it.

Appellant, however, asserts that no other copy could be admissible as long as the record in the county clerk's office was accessible. The record of Patent No. 310 in the county clerk's office was produced in evidence by the appellant himself. The Act of 1857 makes such a record only prima-facie evidence of title. Such a record is not conclusively correct. It was open to plaintiff to show that it was erroneous. Murray Phillips testified that he compared the original patent which he found among the papers of Shapleigh R. Phillips with that record and the record of Patent No. 310 was an exact copy of the original patent, with the exception of the word "fifteen" giving the number of the range, whereas the original patent showed the range number to be *thirteen.* This patent on its face showed that it was a patent to swamp land under the Swamp Land Act. In corroboration of that testimony of Phillips it was shown that Section 15 of Township 22, Range 15, contained no swamp land, and, therefore, the county could not have issued a patent for the land described in the *record* of Patent No. 310 in the county clerk's office. It was a question of fact for the trial court to determine whether the patent was erroneously recorded in the county clerk's office. There

39—280 Mo.

was sufficient evidence before the court from which it very properly could find, as the general finding for plaintiff shows it did, that the patent delivered to Shapleigh R. Phillips correctly described the land in suit, and that the county clerk in recording it made a mistake as to the number of the range. This being purely an action at law that finding is binding upon this court. Here we have the loss of the original patent accounted for. We have proof that the record in the county clerk's office is erroneous, and therefore not a correct copy of the patent. Then we must be remitted to the next best secondary evidence—the certified copy, supported by the testimony of Mr. Murray Phillips who saw the original patent and knew exactly what it contained by comparison with the record and swears that the copy produced in evidence is a correct copy.

II. Where two patents are issued for the same land, both regular upon their face, the prior one must prevail over the subsequent one. [Simpson v. Kilpatrick, 148 Mo. 507.] The statutes in regard to recording instruments affecting the title to land do not apply to conveyances by the State. Such conveyances may be recorded, but their effect in vesting title and affording notice is not dependent upon their being recorded. [Wilcox v. Phillips, 260 Mo. 664, l. c. 681.] The question, where successive patents are issued by a county for the same land, is not one of notice. As stated by WOODSON, J., in case of Mosher v. Bacon, 229 Mo. l. c. 362: "I am, therefore, clearly of the opinion that it is not a question of notice, either actual or constructive, that is involved in this case, but one of power and authority on the part of the register of swamp lands to sell such lands a second time; and this he cannot do."

A point is made that the "Swamp Land Abstract of New Madrid County" does not show that the land in dispute was patented to anybody. Section 4, however, of the Act of 1857, does not require the "Swamp Land Abstract" filed in the office of the clerk to show to whom

**Recording Patent.**

the land was patented by the county, only to show the list which the county acquired.

Under Section 3 of the act it was the duty of the county clerk before delivery to have the patent recorded. That was not a prerequisite to its validity. The plaintiff's ancestor received the patent correctly describing the land. He had no duty to perform and there was nothing he could do in seeing that it was correctly recorded, and he was not responsible for the failure of the county officer to perform his duty. It was not necessary for him to make any record of it for the purpose of affording constructive notice. The power of the county to deal with the land was exhausted by the act of issuing that patent.

It necessarily follows that the subsequent commissioner's deed and patent issued by the county under which the defendant claims were of no validity and pass no title.

III. Obviously the appellant cannot avail himself of the ten-year Statute of Limitations, because it stands admitted that there was no actual possession of the land in controversy by either party at any time Limitations. and no possessory acts which would start the operation of the statute. Appellant, however, claims that, under Section 2535, Revised Statutes 1909, enacted in 1897, the cause of action accrued to plaintiff or his successors in title more than ten years prior to the bringing of this suit, and therefore he is barred. He cites the case of Powell v. Bowen, 279 Mo. 280, decided at the April term, 1919, by Court in Banc. In that case, however, there was actual adverse possession for ten years which, of course, vested title in the possessor. The land in this case was wild land, and neither party was in possession. It has been held by both divisions of this court that the failure to sue within ten years after the right to sue has accrued does not bar an action under Section 2535. [Armor v. Frey, 253 Mo. 447, l. c. 476; Powell v. Powell, 267 Mo. 117, l. c. 129.]

IV.   Defendant further claims that plaintiff's action was barred by the operation of what he terms the one-year Statute of Limitations.   He pleaded that the plaintiff previously had brought an action concerning this same land; that said action, before determination, was voluntarily dismissed by the plaintiff and the present action was not commenced within one year thereafter, and therefore the plaintiff could not be heard to maintain this suit.   Appellant doubtless refers to Section 1900, Revised Statutes 1909.   That section, however, has been construed by this court to be simply a saving clause to prevent the bar which otherwise would be applicable: "It doesn't purport to limit the time of bringing suits, but to save from the statute, for one year after nonsuit, actions which, but for its provisions, would be barred." [Meriwether v. Overly, 228 Mo. 218, l. c. 231;   Karnes v. Ins. Co., 144 Mo. 413.]

*Nonsuit: Suit Within Year.*

V.   Appellant further claims that action is barred by the thirty-year Statute of Limitations, Section 1884, Revised Statutes 1909.   In order to maintain this defense it would be necessary to prove that the plaintiff had been out of possession for thirty years and that the defendant had been "in lawful possession" for at least one year thereafter and that the plaintiff had not paid taxes for thirty years. There was no lawful possession by the defendant within the intent of that term by the statute.   [Brannock v. McHenry, 252 Mo. l. c. 9;   Weir v. Lumber Co., 186 Mo. 388;   Bevier v. Graves, 213 S. W. 74.]

*Thirty-year Statute.*

VI.   Appellant further asserts that plaintiff has no right of recovery because of laches and estoppel.   The defendant does not ask any equitable relief in his answer, so that the action remains purely an action at law, and in such case laches is not a defense. The doctrine of laches is applied only to defeat a claim for some equitable relief.   [Chilton v. Nickey, 261 Mo. 232, l. c. 243;   Kellogg v. Moore, 271 Mo. 189, l. c. 193;

*Laches.*

Newbrough v. Moore, 202 S. W. 547, l. c. 551; Bell v. George, 204 S. W. 516, l. c. 519.]

As for the claim of estoppel, it is not shown that the plaintiff did anything which misled the defendants, or that the defendants relied upon anything done by plaintiff and thereby altered his position to his hurt. It is shown that the defendant executed and filed several mortgages covering the land, including other large tracts. The plaintiff and his predecessors in title executed also four mortgages covering this land. The land is included in Drainage District No. 18, and perhaps in two other drainage districts. It was shown that Charles Luce obtained a contract from New Madrid County to dig drainage ditches, presumably in Drainage District No. 18, which would affect this land; that Luce received a commissioner's deed from the county in 1881 and is one of the sources through which the appellant claims; further that Charles H. Luce was in some way connected with the Himmelberger-Luce Land & Lumber Company, through which defendant also claims, and a patent was made to John Himmelberger in 1899. This apparently to show that the parties through whom the defendant claims had been instrumental in procuring the organization of the drainage district and carrying out the work thereon. It was not shown that the defendant or his grantors at any time expended any money in the improvement of the land in question. If they spent any money constructing drains it was under contract with the county. The Himmelberger-Luce Land & Lumber Company, it was claimed by appellant, mortgaged the land for a large amount of money with which to carry out the contract with the county in the digging of the ditches. But that was a contract which anyone could have made and the work was not done by that company because of claim of ownership of this land, but because the county paid it, as it would any other contractor.

There is no error shown in the record. The judgment is affirmed.

*Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by White, C., is adopted as the opinion of the court. All of the judges concur.