**VALLEY FARM DAIRY CO., Inc., a Corporation, Appellant-Plaintiff,**

v.

**Emil HORSTMEIER, etc., and Donald Meers, etc., Respondents-Defendants.**

**No. 52750.**

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1967.

Robertson, DeVoto & Wieland, Morton K. Lange, St. Louis, for appellant.

Rollin J. Moerschel, Niedner, Niedner & Moerschel, St. Charles, for respondent Emil Horstmeier.

James A. Blackwell, St. Charles, for respondent, Donald Meers.

WELBORN, Commissioner.

Appeal from judgment of dismissal, on motions of defendants, of plaintiff's petition seeking recovery of $38,893.56 on an open account.

Valley Farm Dairy Co., Inc., filed suit in the St. Charles County Circuit Court, on October 10, 1966, against Emil Horstmeier and Donald Meers. The claim was based on an account for milk and dairy products sold by plaintiff to the defendants, commencing in 1955, and ending in December, 1963.

The defendants filed motions to dismiss on the grounds that a previous action between the same parties on the same claim in the same court had been dismissed on

June 10, 1965, for failure to prosecute "subject to the right to refile said suit within one year from said dismissal, pursuant to the provision of Section 516.230 Revised Statutes of Missouri of 1949 as amended"; that the present suit was not brought within the one-year period, and, therefore, it was barred.

At a hearing on the defendants' motions, it was shown that the St. Charles County Circuit Court by its "Bulletin," notified the parties to litigation pending in said court, as follows:

"On June 10, 1965, absent showing of cause why same should not be done, the following cases and motions will be dismissed *without prejudice* for want of prosecution, subject to refiling within one year under 516.230, VAMS, where applicable:

| NUMBER | DATE FILED | STYLE |
|---|---|---|
| * * | * * | * * |
| 3190 | 2–24–64 | Valley Farm Dairy Co. v. Emil Horstmeier, et al. |
| * * | * * | * *" |
| * * * * * * * * * * * | | |

On June 10, 1965, the following order was entered in Cause No. 3190:

"Order:

"Pursuant to notice given and no good cause having been shown why same should not be done, the following cases are dismissed without prejudice for want of prosecution, subject to re-filing within one year under the provisions of Section 516.230 VAMS, where applicable:

| Number | Date Filed | Style |
|---|---|---|
| * * | * * | * * |
| * * * * * * * * * * * | | |
| 3190 | Feb. 24, 1964 | Valley Farm Dairy Co. v. Emil Horstmeier, et al. |
| * * | * * | * *" |
| * * * * * * * * * * * | | |

On this showing and on the showing that No. 3190 involved the same claim as the present case, the trial court sustained defendants' motions to dismiss and this appeal followed.

The respondents here make no contention that plaintiff's claim was barred by the five-year statute of limitations. §§ 516.120, 516.160, RSMo 1959, V.A.M.S. Their contention is that the trial court's order, upon the lapse of one year's time, amounted to a dismissal with prejudice, precluding the instant action.

Section 516.230, RSMo 1959, V.A.M.S., referred to by the trial court in its notice and order, reads as follows:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be

reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; * * *."

 As appellant points out, numerous cases have held that such section operated to extend, not to shorten, the period of limitations. Long v. Long, 141 Mo. 352, 44 S.W. 341, 346(5); Karnes v. American Fire Ins. Co. of Philadelphia, 144 Mo. 413, 46 S.W. 166, 167(2); Tate v. Jacobs, 47 Mo.App. 218; Kline v. Groeschner, 280 Mo. 599, 219 S.W. 648, 651[9].

Supreme Court Rule 67.03, V.A.M.R., relied upon by respondents, is of no assistance to them in this case. Respondents rely upon the italicized portion of said rule, which reads as follows:

"A dismissal without prejudice permits the party to bring another action for the same cause, unless the action is otherwise barred. A dismissal with prejudice operates as an adjudication upon the merits. Any voluntary dismissal other than one which the party is entitled to take without prejudice, *and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify*."

Here the trial court specifically stated that the dismissal was without prejudice. The further reference to § 516.230, RSMo 1959, V.A.M.S., served merely as a reminder to plaintiffs whose action might have otherwise been barred that they had one year for refiling if § 516.230 applied to their cause of action. Whether the trial court might have made an order to the effect which respondents attribute that here involved, we need not determine. We are satisfied that the trial court did not intend its order to be given such effect. In that connection, we note that the judge who sustained the motions to dismiss in the present case is not the judge who entered the dismissal of the prior cause, so this is not the case of a trial court's interpretation of its own order.

Respondents cite no authority which in any manner supports their position. Other than § 516.230 and Supreme Court Rule 67.03, supra, they cite only State ex rel. Ward v. Stubbs, Mo.Sup., 374 S.W.2d 40, and W. M. Crysler Company v. Smith, Mo. App., 377 S.W.2d 134. Insofar as in any respect here pertinent, those cases hold merely that a dismissal, with prejudice, for failure to prosecute, may be res adjudicata of the issues pleaded in the dismissed petition or cause of action. Here, there was no dismissal with prejudice and those cases are in no manner applicable.

The judgment is reversed and the cause remanded with directions to enter a new order, overruling defendants' motions to dismiss.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the judges concur.