TURRENTINE *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered July 11, 1910.

COSTS OF FORMER ACTION—PAYMENT AS CONDITION OF MAINTAINING ACTION.—Under the statute unconditionally permitting the bringing of a new action after the voluntary dismissal of a former action (Kirby's Digest, § 5083), it was error to dismiss an action because the plaintiff did not pay the costs of a former action based on the same cause which he had voluntarily dismissed.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*H. A. Parker,* for appellant.

Statutes relating to costs are to be construed strictly. 47 Ark. 442; 61 Ark. 407; 73 Ark. 600. The right to recover costs did not exist at common law. 60 Ark. 194. Defendant's motion should have been stricken from the files. 7 Ark. 121; 12 Ark. 635. The statute requiring nonresidents to file bond for costs is not mandatory. 11 Ark. 9. This petition can not be controverted by answer. 19 Ark. 121.

*S. H. West* and *J. C. Hawthorne,* for appellee.

There was no motion for a new trial, and no bill of exceptions taken; consequently there is nothing before this court. 36 Ark. 456. A resident plaintiff must pay or secure the costs. Kirby's Digest, § 3491. The presumption is that all actions after the first were vexatiously brought. 64 Ind. 18; 8 N. E. 563; 5 N. E. 548. A subsequent suit can not be maintained until the costs in the former have been paid. 9 N. J. L. 86; 4 Mod. 379; 2 D. & E. 511; 1 John. 247; 19 John. 237.

McCulloch, C. J. The plaintiff, Ed Turrentine, instituted this action in the circuit court of Monroe County against the defendant railway company to recover damages for personal injuries alleged to have been sustained by reason of the negligent acts of defendant's servants in the operation of its trains. He had previously instituted four successive actions in other circuit courts of the State, based on the same alleged cause of action (two of the actions being removed to the Federal courts), and dismissed each one in turn before final submission. He was a minor when some of the actions were instituted, but was of full age when the present one was instituted.

The defendant claims to have expended the sum of $783.35 in costs before said former actions were dismissed, and filed a motion in the present action to require plaintiff to pay the costs of the former actions as a condition on which he would be permitted to prosecute this action. The court sustained the motion. Plaintiff excepted, and then asked to be permitted to prosecute the action *in forma pauperis,* which request was denied by the court. The plaintiff declined to pay the costs of the former actions or to secure the costs of the present one, and the court ordered a dismissal of the case. Plaintiff appealed.

The only statutes of this State requiring litigants to give bond for cost are directed against nonresidents of the State and corporations other than banking corporations, and against guardians and next friends suing for infants and persons of unsound mind, and assignees other than indorsees of bills of exchange and promissory notes. Kirby's Digest, § § 959, 962. There is no statutory authority for requiring resident litigants to give bond except those especially enumerated above. Officers are not required to perform services for litigants without payment of fees in advance, except in cases which the court allows persons to prosecute *in forma pauperis.*

The ruling of the court requiring plaintiff either to secure the costs of this action or pay the costs of the former actions was unauthorized. Courts may, in their discretion, impose such terms upon the setting aside of an order of dismissal for want of prosecution; but the statute unconditionally permits the bringing of a new action after the voluntary dismissal of a former action, and the court can not impose a condition on the exercise of that right.

There are decisions of other courts holding to the contrary, but we are not without authority in support of the conclusion we reach, which we think is in harmony with the statutes of this State authorizing the dismissal of actions without prejudice to the bringing of another action for the same cause. *Hobbs* v. *Louisville, H. & St. Louis Ry. Co.,* 31 Ky. Law Rep. 452, 102 S. W. 818; *Wilson* v. *Sullivan* (Ky.), 112 S. W. 1121; *Davenport, Rock Island & N. W. Ry. Co.* v. *DeYeager,* 112 Ill. App. 537. Decisions *per contra* are collected in 11 Cyc. 255, *et seq.*

We do not mean to say that it is beyond the power of a trial court to dismiss an action found to have been instituted not in good faith, but vexatiously, for the purpose of harrassing and annoying the adversary party. This would be an abuse of process, which the court could correct by dismissal of the action. But such is not the present case. There is nothing to show that the plaintiff did not bring his action in good faith, and the court did not so find. The order of dismissal was rendered because plaintiff did not and could not pay the costs of the former action.

Reversed and remanded with directions to overrule the motion to dismiss, and for further proceedings in the case.