DRESSLER *v.* CARPENTER.

## Opinion delivered March 17, 1913.

1. TAXATION—LIMITATIONS—DONATION DEED.—The two years' statute of limitations against an action to recover forfeited lands held under donation deed does not begin to run until the possession of the defendants began under the donation deed. (Page 357.)

2. LIMITATION OF ACTIONS—NEW SUIT AND NEW ACTION.—When an action is brought within the period of limitation, it arrests the operation of the statute, and when said action is dismissed without prejudice, a new action may be brought within one year after the dismissal of the former action. (Page 358.)

3. LIMITATION OF ACTIONS—NEW SUIT AFTER NONSUIT.—Under Kirby's Digest, § 5083, which provides that a plaintiff may bring a new suit within a year after he suffers a nonsuit, when the grantor has brought a suit for the recovery of land and dismissed it without prejudice, his grantee, being in privity of estate with him, may bring a new action within one year after the dismissal of the former action, and this right is not barred by the grantor's having brought and dismissed a second suit within the one year period. (Page 359.)

4. APPEAL AND ERROR—ISSUE NOT RAISED IN LOWER COURT.—When the pleadings and a stipulation in an action to recover lands state that plaintiff sold the lands to a third party who reconveyed to plaintiff, the defendant can not, for the first time, on appeal, raise the question that the conveyance from plaintiff to the third person was merely colorable, so that an action by plaintiff's grantee could not be considered in the determination of the question of whether the statute of limitations barred plaintiff's action. (Page 359.)

5. JUDGMENTS—CONFORMITY TO PLEADING AND PROOF—RENT.—When plaintiff, in his pleadings and in the proof offered did not lay claim for rents prior to a certain year, he will not be heard to complain of a judgment which does not allow him rents prior to that time. (Page 360.)

Appeal from Arkansas Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*John L. Ingram* and *Coleman & Lewis*, for appellant.

1. When a suit is brought in time and dismissed, a new action can only be brought within one year after such dismissal. The statute does not authorize a succession of actions *in infinitum*. Kirby's Dig., § 5083; Mansfield's Dig., § 4497. The amendment of April 14, 1891, striking out the clause ''from time to time'' from

the last named statute signifies the intention of the Legislature to prevent an indefinite succession of suits. See also 76 Kan. 89; 90 Pac. (Kan.) 764.

2.   The statute of limitations was not tolled by the Wilson suits in the Federal Court.

The first and second Wilson suits were fictitious. 42 Fed. 652. Carpenter was not in privity with Wilson. A suit brought by a plaintiff in the name of a third party without authority from such party, does not toll the statute of limitations. 3 Cranch 639; 113 Fed. 958.

There is no identity of causes of action. If a plaintiff is non-suited, he is allowed to file the same suit within one year; but if the cause of action is different, even though between the same parties, or if a different title is asserted, the statute continues to run until the commencement of the new suit. 95 Fed. 306; 79 Ill. App. 22; 180 Ill. 191; 23 Ark. 685; 76 Ark. 460; 180 Ill. 191; 76 Ark. 463; *Id.* 450; 71 Pet. 202; 145 U. S. 593; 158 U. S. 285; 59 Ark. 441; 88 Miss. 88; 46 So. 561; 107 Ia. 660.

*Powell Clayton,* for appellee.

1.   The statute commenced to run from the date of the donation deed, and not from the date possession was taken under the donation certificate. 65 Ark. 305; 68 Ark. 279; 70 Ark. 326; 77 Ark. 324; 78 Ark. 7, 15.

The first Wilson suit was brought before the cause of action was barred. The fact that other suits were brought and dismissed before this can not operate to shorten the period of limitation. 93 Ark. 215; 245 Ill. 448; 92 N. E. 297; 16 R. I. 637; 19 Atl. 113.

The institution of the suit in the Federal Court by Wilson was as effective in stopping the running of the statute as if it had been brought in a State court. 72 C. C. A. 405, 418; 140 Fed. 385; 100 Fed. 146; 128 N. E. 80; 53 W. Va. 475; 57 Mo. 416; 106 Tenn. 28; 64 O. St. 26. The case is not taken out of the operation of the statute by reason of the transfer from Wilson to appellee. The right of action is preserved to those in privity with the plaintiff. 23 Ark. 684; 10 Ark. 184; 17 Ark. 533; 62 Kan. 193; 61 Pac. 745.

2. 'Issues not raised in the lower court will not be considered on appeal. 101 Ark. 95, 101; 96 Ark. 405, 409; 95 Ark. 593, 597; 94 Ark. 378; *Id.* 390, 392; 77 Ark. 27; 75 Ark. 312, 317; 74 Ark. 88.

The issues that the Wilson suits were fictitious, brought without authority and that there was no privity can not be urged here for the additional reason that appellants are precluded by the agreed statement of facts. 95 Ark. 389; 61 Ark. 521; 74 Ark. 133.

A delivery and acceptance at the time the Wilson suit was instituted are conclusively established by the record showing that the deed to him was recorded and by the agreed statement of facts showing that the land was conveyed to him and that he brought suit based on that deed. 94 U. S. 405; 61 N. Y. S. 363, 29 N. Y. Supp. 786; 58 Ill. 310, 11 Am. Rep. 67.

3. Defendants are not entitled to any improvements made after receipt of notification that the title would be contested. 65 Ark. 305, 312; 98 Ark. 320, 323; 29 Ark. Law. Rep. 382; 92 Ark. 173; 86 Ark. 368; 67 Ark. 184; 48 Ark. 183; 45 Ark. 410.

Appellee was entitled to rents for three years prior to the institution of the suit. Kirby's Dig., § 2756.

*John L. Ingram* and *Coleman & Lewis,* for appellants in reply.

The recording of a deed is only *prima facie* evidence of delivery which may be rebutted by attending circumstances. 154 Ill. 199; 95 Ill. 267.

The presumption of delivery from the recording of a deed by the grantor is overcome by proof that the grantee had no knowledge of it, and that the conveyance was not intended to vest any beneficial ownership in him. 3 N. H. 304: 57 S. W. 570: 37 Vt. 538; 68 Minn. 260; 19 Col. 371; 81 Ky. 513; 48 N. H. 268; Devlin on Real Estate (3 ed.) § 292.

McCULLOCH, C. J. Precisely the same questions are presented on these two appeals and the cases have been consolidated here and briefed together.

The plaintiff, W. N. Carpenter, instituted separate actions in the circuit court of Arkansas County, one against the defendants, Frank Dressler, H. Coleman and J. L. Ingram, to recover possession of a quarter section of land in that county, and the other against defendants, George Dressler, H. Coleman and J. L. Ingram, to recover possession of another quarter section of land.

Coleman died during the pendency of the actions and as to him the causes were revived in the names of his children.

On motion of defendants the causes were transferred to the chancery court and proceeded to final hearing there resulting in decrees in favor of the plaintiff for the recovery of each tract of land; but there was a reference to a master in each case to determine the value of the improvements placed on the lands by defendants and the rents and profits of the lands while occupied by them. The master made a finding, in one case, of the value of the improvements in the sum of $265 and rental value of the lands in the sum of $240, leaving a balance due the defendants in the sum of $25 for value of improvements over and above the rental value of the lands; in the other case the master found the value of the improvements to be $450 and rents to be $415, leaving a balance of $35 due the defendants for value of improvements over the rents and profits. There was a decree in each case for the defendants for recovery of the said respective amounts due, and possession was withheld until payment of those amounts should be made.

The defendants in each case appealed to this court from the decree in favor of the plaintiff for the recovery of the land; and the plaintiff has cross-appealed in each case challenging the correctness of the decree as to value of the improvements and amount of rents and profits.

Both of the tracts of land in controversy were patented to the State of Arkansas as swamp and overflow lands, and the plaintiff, W. N. Carpenter, acquired title to each tract during the year 1900 under *mesne* conveyances from the State. He conveyed said lands to one

A. E. Wilson by deed executed October 30, 1905; and said Wilson, by deed executed February 20, 1908, re-conveyed the lands to plaintiff.

The defendants in each case assert title under forfeitures to the State for non-payment of taxes and donation deeds executed by the Commissioner of State Lands to the defendants, Frank Dressler and George Dressler, respectively. They subsequently conveyed portions of the lands to the other defendants.

It is conceded that said forfeitures to the State were void; but the defendants pleaded the two-year statute of limitations by reason of adverse possession under said donation deeds, and the only question presented as to the title to the lands is that relating to the pleas of the statute of limitations.

The donation certifies to defendants, Frank and George Dressler, were issued April 4, 1901; but the donation deeds executed to them by the State Land Commissioner were dated April 23, 1904.

The plaintiff instituted separate actions against the two Dresslers on January 2, 1902, while they were holding their respective tracts of land under said donation certificates. During the pendency of those actions he executed the conveyances to Wilson, and on April 7, 1906, entered a voluntary non-suit in each of the actions.

On April 9, 1906, Wilson instituted separate actions against the same defendants in the United States Circuit Court for the Eastern District of Arkansas, to recover possession of said respective tracts of land, and dismissed the same without prejudice on May 4, 1907.

On the same day Wilson instituted new actions against the same defendants in the United States Circuit Court, and on April 3, 1908, dismissed the same without prejudice.

The present actions were instituted by the plaintiff, Carpenter, on March 16, 1908.

The two-year statute of limitations did not begin to run until the possession of the defendants began under

the donation deeds dated April 23, 1904. *McCann* v. *Smith,* 65 Ark. 305.

The first actions instituted by Wilson on April 9, 1906, were therefore within the period of limitation and arrested the operation of the statute. Those actions were dismissed without prejudice on May 4, 1907, and the present actions were commenced on March 16, 1908, less than one year thereafter.

The plaintiff, being the grantee of Wilson—therefore, in privity of estate with him—had the right to bring new actions within one year after the dismissal of the former actions. *James* v. *Biscoe,* 10 Ark. 184; *Biscoe* v. *Madden,* 17 Ark. 533; *Crow* v. *State,* 23 Ark. 684.

The present actions were instituted within one year after said dismissal but Wilson had in the meantime commenced new actions himself and dismissed them without prejudice. The governing statute reads as follows:

"If any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a non-suit,   *   *   *   such plaintiff may commence a new action within one year after such non-suit suffered." Kirby's Digest, § 5083.

In *Love* v. *Cahn,* 93 Ark. 215, construing that statute, we said: "But the statute which tolls the statute of limitations for one year where the plaintiff suffers a non-suit does not narrow the period of limitation in which an action may be brought upon a claim which is not otherwise barred by the general statute of limitation applicable to such claim. This provision of the statute only applies to those causes of action which, under the general statute of limitation applicable to such cause of action, would otherwise be barred before the running of one year from the time of taking such non-suit. The statute, instead of shortening the period of limitation, really extends the period provided by the general statute of limitation applicable to the cause of action."

It is insisted by learned counsel for defendants that the right to institute a new action within one year after

the dismissal of the former action, brought within the original period of limitation, must be limited to one action brought within that time. We do not, however, think that that is the proper construction of the statute. It is true that the statute reads that after the plaintiff suffers a non-suit he may commence ''a new action within one year after such non-suit;'' but this does not mean that he can only institute one action. The proper construction of it is that any action brought by him, or his privies in estate, within one year after the dismissal of the former action is not barred. This construction necessarily follows from our decision in *Love* v. *Cahn, supra,* and it must result in a decision now that the plaintiff's two causes of action are not barred.

It is further insisted that the deed of conveyance executed in 1905 by plaintiff to Wilson was colorable and was never in fact delivered to him until he executed the deed reconveying the property in 1908, just before the commencement of the present actions; that the original actions instituted by Wilson against these defendants were in fact commenced by plaintiff as attorney for Wilson without the latter's knowledge or authority, and were fictitious and can not be used to toll the statute of limitations. They base their contention on a statement in the deposition of Wilson that the deed was not delivered to him and that he did not know of the institution of said actions in the Federal Court but was afterwards informed thereof and ratified the same. Whether or not this testimony, if it be given the full force contended for by defendants, was sufficient to make the Wilson actions non-effective for the purpose of arresting the operation of the statute, we need not decide, for we are of the opinion that that question was not properly raised below, and can not be raised here for the first time. The plaintiff in each of his complaints set forth in detail his chain of title and the course of litigation with the defendants concerning the same. He alleged that he conveyed the property on the date named to Wilson; that Wilson re-conveyed to him on the date named, and that

said actions were instituted by Wilson and dismissed without prejudice. The defendants in their answer expressly admitted that the plaintiff had conveyed the lands to Wilson as charged in the complaint and that Wilson had instituted actions for the recovery of same from defendants. These same facts were agreed to in a joint stipulation filed in each of the causes, and must be treated as conclusive of the facts that plaintiff did convey the lands to Wilson and that the latter instituted the actions. *Evins* v. *Batchelor,* 61 Ark. 521.

As to the question of value of improvements and amount of rents and profits raised on the cross-appeal, our conclusion is that the decree should not be disturbed. The testimony is voluminous, and from the abstract of it made by the cross-appellant we are not convinced that the findings of the master and of the chancellor are against the preponderance of the testimony. The testimony of some of the witnesses places the value of improvements higher than the sums awarded by the master.

The master charged the defendants with rents for five years, being for the years 1908 to 1912, inclusive, and it is insisted that this was an obvious error for the reason that defendants should have been charged with the rent for two years prior to that time, which would have made three years before the commencement of the action. It is sufficient answer to this contention to say that the plaintiff himself does not seem to have asked for rents prior to the year 1908 and all of his testimony was directed to the rents for that and subsequent years. We are unable to find any evidence in the record, as abstracted, tending to show rental value of the lands for any year prior to 1908.

Upon the whole we are of the opinion that the decree of the chancellor in each case was correct and the same is in all things affirmed.