## HUNTER et al. v. WARD.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1926.)

No. 7340.

1. Courts ⊜⟶375.

Under conformity statute (Comp. St. § 1538), federal courts will follow state statute of limitation in suit to recover for fraudulent conversion of stolen property.

2. Limitation of actions ⊜⟶130(5)—Under Arkansas statute giving plaintiff, who suffers nonsuit, right to commence new action within one year, such a plaintiff cannot, after limitation period, bring repeated actions after successive nonsuits (Crawford & Moses' Dig. Ark. § 6969).

Under Crawford & Moses' Dig. Ark. § 6969, declaring period of limitations applicable to various kinds of actions, and providing that, if any action be commenced within the time allowed, and plaintiff therein suffer nonsuit, he "may commence a new action within one year after such nonsuit," a plaintiff may not bring repeated actions after successive nonsuits, but only one action after expiration of the applicable period of limitation.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by E. H. Hunter and others against Earl N. Ward, to recover for alleged wrongful and fraudulent conversion of property alleged to have been stolen. Judgment for defendant on demurrer to amended petition, and plaintiffs bring error. Affirmed.

George W. Dodd, of Ft. Smith, Ark., for plaintiffs in error.

Thomas B. Pryor and Vincent M. Miles, both of Ft. Smith, Ark., for defendant in error.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. From a judgment entered after sustaining a demurrer to an amended petition, this writ of error is sued out. The demurrer is based on the running of the state statute of limitations, as shown on the face of the amended petition.

This right of action accrued March 30, 1919. On March 28, 1922 (just two days before the applicable state statute of limitations would have expired), a suit was filed. A voluntary nonsuit was taken therein on January 23, 1923. On May 11, 1923, a second suit for the same cause of action was filed. There was a voluntary nonsuit as to this second action on June 24, 1924. The present action was filed February 9, 1925.

[1,2] Under the conformity statute (Comp. St. § 1538), the federal courts will follow the state statutes of limitations in the char-acter of action here involved (O'Sullivan v. Felix, 233 U. S. 318, 322, 34 S. Ct. 596, 58 L. Ed. 980; McClaine v. Rankin, 197 U. S. 154, 158, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500). The statute of the state as to limitations governing the character of action here involved is three years, with a provision, applicable to various kinds of actions, as to other later suits upon the same cause of action. That provision is contained in Crawford & Moses' Digest of the Laws of Arkansas, § 6969, and the pertinent portion is as follows:

"If any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after judgment for him the same be reversed on appeal or writ of error, such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed."

The sole question here is whether this quoted portion of the state statute gives the right to bring repeated actions or only one action after expiration of the three-year limitation and within one year after the original action has been disposed of. There is no controlling decision by the Supreme Court of Arkansas. Plaintiff in error places some reliance upon Turrentine v. St. Louis S. W. Ry. Co., 96 Ark. 181, 131 S. W. 337; but that case is not in point and is not helpful as to the particular matter before us. Turning to other jurisdictions, we are not greatly aided. The rule in each jurisdiction depends on the wording of the particular statute and even where those statutes are similar in wording to the statute here involved, those decisions are not uniform. However, if there is a weight of authority either way, that weight and, to our minds, the sound reasoning, seems to favor the rule that only one such new action can be brought. Morrow v. A. & C. Air Line Ry. Co., 84 S. C. 224, 66 S. E. 186, 19 Ann. Cas. 1009; Reed v. C., N. O. & T. P. Ry. Co., 136 Tenn. 499, 190 S. W. 458.

There is, however, one matter which may serve as a guide in connection with this particular statute. The statute, as above quoted, is an amended form of an earlier statute found in Mansfield's Digest, § 4497. The earlier form of the statute was as follows:

"If any action shall be commenced within the times respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after judgment for him, the same be reversed on appeal or writ of error,

such plaintiff may commence a new action, *from time to time,* within one year after such nonsuit suffered or judgment arrested or reversed."

The change, made by the amendment, was the elimination of the words "from time to time." This change apparently reveals the legislative intent to limit the bringing of new suits to one suit after the governing limitation expires and within one year from disposal of the last suit.

The judgment should be and is affirmed.