## UNITED STATES FIRE INS. CO. v. SWYDEN.

No. 25199.   Dec. 10, 1935.

Rehearing Denied Jan. 14, 1936.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

O. E. Cramer and Kelly Brown, for defendant in error.

PHELPS, J. On May 10, 1931, plaintiff's merchandise was damaged by fire. Prior to that time the defendant had insured the goods under a fire policy containing our statutory provision that any action to recover thereon must be instituted within twelve months after date of the fire, which period expired on May 10, 1932. First Nat. Bank v. Drew, 69 Okla. 59, 169 P. 1092.

January 5, 1932, plaintiff filed an action on the policy in the district court of Muskogee county, No. 23833. It was removed by the defendant to the federal court, where it was dismissed by the plaintiff without prejudice. That was the first action.

April 5, 1932, plaintiff filed another action on the policy in the district court of Muskogee county, No. 24001. While the court was considering the defendant's demurrer to plaintiff's evidence, the plaintiff dismissed the action without prejudice. This was on October 20, 1932, after the one-year period of limitation would have expired if no action had been filed. That was the second action.

October 25, 1932, plaintiff filed another action on the policy in the district court of Muskogee county, No. 24407. Defendant removed it to federal court, and there it was dismissed without prejudice by plaintiff, on December 13, 1932. That was the third action.

December 21, 1932, plaintiff filed another action on the policy, in the district court of Muskogee county, No. 24503. That, the fourth action, was the present action. Plaintiff recovered a verdict and judgment, and defendant appeals.

One of the many propositions urged by defendant is that the action is barred by our statutes of limitation.

The limitation in a standard fire insurance policy, such as we have here, that "No suit or action on this policy * * * shall be sustainable in any court * * * unless commenced within twelve months next after the fire," is not a contractual limitation in violation of section 9491, O. S. 1931; but, to the contrary, is a statutory limitation. This is because our Legislature adopted and incorporated the same provision in the standard form of fire insurance policy which it directed be used in this state. Sections 10556, 10557, O. S. 1931. Such limitation is therefore statutory, valid and enforceable. Wever v. Pioneer Fire Ins. Co., 49 Okla. 546, 153 P. 1146, L. R. A. 1918F, 507; Niagara Fire Ins. Co. v. Nichols, 96 Okla. 96, 220 P. 920; Conn. Fire Ins. Co. v. Williams, 130 Okla. 15, 264 P. 881; George v. Conn. Fire Ins. Co., 84 Okla. 172, 200 P. 544, 23 A. L. R. 80. Therefore the "dead line," after which the action would have been barred but for the operation of section 106, O. S. 1931, was May 10, 1932. (Observe at this point that plaintiff's second action, filed prior to May 10, 1932, was dismissed after that date, on October 20, 1932, and he then filed his third action on October 25, 1932, and said third action was later dismissed and the present action instituted on December 21, 1932.)

Section 106, O. S. 1931, sometimes referred to as the "saving clause," reads:

"If any action be commenced within due time, and a judgment thereon for the plain-

tiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

Such "saving clause" applies to a one-year limitation for suing on an insurance policy containing our statutory provision, referred to above. George v. Conn. Fire Ins. Co., supra; Niagara Fire Ins. Co. v. Nichols, supra.

Plaintiff's first action, filed and dismissed within one year after the fire, had no effect one way or the other on the question before us, since an action dismissed prior to the running of the original limitation does not give the plaintiff a year from his dismissal in which to file his next action, and section 106 is not operative as to that action. English v. Rogers Lbr. Co., 68 Okla. 238, 173 P. 1046; Meshek v. Cordes, 164 Okla. 40, 22 P. (2d) 921.

By virtue of section 106, when plaintiff filed his second action on April 5, 1932, "within due time," and then dismissed it on October 20, 1932, after the expiration of one year following the fire, section 106 became operative and he became entitled to "commence a new action within one year" after the date of that dismissal, October 20, 1932. This gave him until October 20, 1933, in which to "commence a new action." He did commence such new action on October 25, 1932, by filing his third action in cause No. 24407, above. This "new action" he voluntarily dismissed on December 13, 1932. Now comes the vital point. Having filed said new action and dismissed it, could he subsequently file and dismiss new actions throughout the entire year beginning October 20, 1932, and ending October 20, 1933, or was he entitled to just one "new action" within that year? If he was entitled to just one new action, he was not entitled to file the fourth action on December 21, 1932, which is the present action.

The novelty of this question has prompted us to search the digests entirely back to the beginning of reported cases in this country, and therein we have found but two cases allowing plaintiff more than one action during the period of time permitted for the filing of a new action after a dismissal of the cause on other than its merits, subsequent to the original period of limitation. Schock v. J. A. Frazer & Co. (1881) 6 Ohio Dec. Reprint, 1078, 10 Am. L. Rec. 305; Dressler v. Carpenter (1913) 107 Ark. 353, 155 S.

W. 108. On the other hand, we find that the observation contained in the annotation in 83 A. L. R. at 487, is supported by the authorities:

"It is generally held that the privilege conferred by an enabling provision in the statute of limitations may be exercised but once; that is, that such a provision does not give protection to an indefinite number of actions merely because each has been commenced before the period allowed by the saving clause has expired."

However, the scope of the present question is more restricted than the scope of the above excerpt, which considers both this and the question of whether the period for filing may be extended indefinitely from year to year by the simple expedient of filing a new action within each year and dismissing it within the following year. We have found no case holding that that could be done. The present question is whether one may dismiss his action after the original limitation period, file a second action within the extension period, dismiss it and then maintain another action filed within that extension period. Although legal history reveals that the privilege conferred by our section 106, supra, extends back into ancient times, when under the common law of England it was known as "journey's account" (see 37 C. J. 1082), the precise question before us has never been passed upon more than half a dozen times.

Statutes permitting filing of new actions after the original period of limitation are not ordinarily considered statutes of limitation with the same meaning and dignity of original statutes of limitation. Their essence is not that the original period is added to, or extended, for an additional year, so that the cause is for all purposes alive during that period, but the real nature and effect of such a statute is that it is simply a saving clause to prevent the bar which otherwise would be applicable. Rogers v. Fidelity Savings Bank, 172 Fed. 735; Kline v. Groeschner, 280 Mo. 599, 219 S. W. 648; Karnes v. American F. Ins. Co., 144 Mo. 413, 46 S. W. 166; Geitner v. Jones, 176 N. C. 542, 97 S. E. 494; cases infra, and 37 C. J. 1088. See, also, 9 R. C. L. 214. The statute was not intended to afford in all cases an additional time in which to bring suit, and the general periods of limitation are not changed by the provisions. English v. Rogers Lbr. Co., 68 Okla. 238, 173 P. 1046, 1047; Denton v. City of Atchison, 76 Kan. 89, 90 P. 764. The effect of the statute is simply to provide a conditional, limited

extension of time in certain cases and under certain circumstances. And "while the statute should be given a liberal construction, * * * it may not be interpreted in such way as would tend to subvert the purpose of the statute clearly expressed" (English v. Rogers Lbr. Co., supra) ; and the defective suit. plus the statute, is "used to nurse the cause of action into full life in the proper form and forum" (Meshek v. Cordes, 164 Okla. 40, 22 P. (2d) 921 at 924). "Nor was it intended to hold open the way indefinitely for vexatious and harrassing continuation or renewal of litigation." Moran v. Weinberger, 149 Tenn. 537, 260 S. W. 966; Denton v. City of Atchison, , supra; Reed v. Cincinnati, etc., R. Co., 136 Tenn. 499, 190 S. W. 458; 37 C. J. 1083.

The Tennessee court, in Memphis & C. R. Co. v. Pillow, 9 Heisk. 248, said:

"The new action in such case must be brought within one year after the termination of the action, which was commenced within the time limited by law for the bringing of such action, so that the indefinite succession of suits upon the same cause of action cannot result from the construction given to the act."

That case was later quoted by the Tennessee court in Reed v. Cincinnati Ry. Co., supra, in which the second suit after the original period of limitation (not counting the suit filed within the period) was held barred, and not within a saving provision which provided that plaintiff may "from time to time commence a new action." It was said in the syllabus that "the bringing of an indefinite number of actions within a year after nonsuit in the last previous action is not authorized."

From fear of misquoting we listed the Ohio case of Schock v. Frazer & Co., supra, as being contra to the prevailing rule. However. that point is debatable, depending on whether the original limitation expired on September 15. or on September 16, 1872. Neither does the opinion make clear whether the first suit, filed on the 15th was dismissed on the same date or on the 16th. At least, the second suit was filed on the 16th, dismissed on the 20th, and a third suit filed on the 24th of September. If the period of limitation included the 16th the case is not in conflict with the general rule.

The other case which we cited above as being contrary to the general rule is Dressler v. Carpenter, 107 Ark. 353, 155 S. W. 108. It is a "lonesome" case and this particular point therein does not seem to have been considered seriously, extensively, or in connection with other cases. It has never been followed, even in Arkansas, according to Shepard's Citations, and was completely ignored. in a late decision of the federal court for that district, construing the same statute, and holding in line with the general rule. We refer to Hunter et al. v. Ward, 15 Fed. (2d) 843: Original suit filed two days before expiration of statutory limitation; voluntary nonsuit on January 23, 1923. May 11, 1923, second suit was filed. and was dismissed June 24, 1924, after which the action in question was filed on February 9, 1925. In holding the action barred, it is obvious that the Circuit Court of Appeals did not need to go so far as it did, for the saving provision did not grant extension beyond January 23, 1924, yet that court said:

"The sole question here is whether this quoted portion of the state statute gives the right to bring repeated actions or only one action after expiration of the three-year limitation and within one year after the original action has been disposed of. There is no controlling decision by the Supreme Court of Arkansas. Plaintiff in error places some reliance upon Turrentine v. St. Louis S. W. Ry. Co., 96 Ark. 181, 131 S. W. 337; but that case is not in point and is not helpful as to the particular matter before us. Turning to other jurisdictions, we are not greatly aided. * * * However, if there is a weight of authority either way, that weight and, to our minds the sound reasoning, seems to favor the rule that only one such new action can be brought." (Citing cases.)

In Morrow v. Atlanta & C. Airline Ry. Co., 84 S. C. 224, 66 S. E. 186, 19 Ann. Cas. 1009, the action was commenced within time and dismissed after the time of limitation applicable thereto. The second action was commenced shortly thereafter, and was subsequently dismissed. It is impossible from the opinion to discover whether the third action was filed within or subsequent to the one-year grace period, but at any rate it was filed after dismissal of the second suit, which itself was filed within the grace period, and therefore after that saving provision had already been used. and it was on this ground that the court held it barred. The syllabus reads:

"Where plaintiff, commencing an action within the time limited therefor, was nonsuited, and he brought a second action within a year thereafter and was again nonsuited, a statute providing that, where an action is commenced within the time limited and plaintiff is nonsuited. he may commence a new action within one year after the nonsuit, did not authorize a subsequent action."

To the same effect, see 9 R. C. L. 214. The Kansas case of Denton v. City of Atchison, supra, and all of the Oklahoma cases cited above, lean in the direction of the general rule, although this precise point was not involved in those cases. Also see Walker v. Meyers Const. Co., 175 Okla. 548, 53 P. (2d) 547. The dictum in that case happens to be the point at issue in this case. Both cases reach the same result, but the difference in the facts is that in that case the action in question was filed more than one year after dismissal of the previous action within the one-year extension period, while in this case the action in question was filed within the one-year extension period but after the dismissal of an intervening action which itself had been both filed and dismissed within that period. In short, both cases hold that but one "new action" may be brought under section 106, supra, though that statement was really not necessary in the Walker Case.

We must remember that the grace period is not a release of the original limitation. nor even an extension thereof for all purposes, but is only a conditional, limited extension granted plaintiff because the suit which he did file in time consumed some time in court before dismissal, carrying him beyond the original limitation date, possibly without any fault of his own. That he could file and dismiss as often as he desired within the original period of limitation has nothing to do with it, for at that time there was no bar at all. Once, however, he passes the bar he is on the law's own time, and is permitted to ignore the statute only by virtue of legislative exception especially created for the occasion. Thus good reason appears to support the general rule and interpretation of such statutes, to the effect that the Legislatures of the various states, in extending litigants the privilege of filing actions out of time, mean just what they express by the words "commence a new action," and that they do not thereby intend that plaintiffs may file as many new actions as they desire, all within the year. Had that been their intention, then such statutes would have been worded in the language of the ordinary statutes of limitation. with minor changes. To give such an interpretation as desired by plaintiff would do violence to the letter, spirit, meaning, and purpose of the statute.

This is the fourth action on this matter. The first three were voluntarily dismissed by plaintiff, one of them after all of his evidence was in. The third action was both filed and dismissed after the original period of limitation. It was said in the authorities above cited that the purpose of such statutes is not to permit or encourage vexatious or harassing continuation or renewal of litigation. This case is squarely within the rule and the rule is sufficiently established.

The judgment is reversed and the cause remanded, with directions to dismiss the petition.

McNEILL, C. J., and RILEY, WELCH, and GIBSON, JJ., concur.