Dennis HULL, Respondent,

v.

Mike RICH, Petitioner.

No. 80203.

Supreme Court of Oklahoma.

June 8, 1993.

**65.** *Dulan, supra* note 25 at 1048.

Benny H. Robison, Durant, for petitioner.

David Youngblood, Moore, Mowdy & Youngblood, Atoka, for respondent.

## MEMORANDUM OPINION

ALMA WILSON, Justice.

This is an appeal from an interlocutory order entered in case No. C–92–281 pending in the district court in Bryan County, State of Oklahoma, the Honorable Judge Rocky L. Powers, presiding. The petitioner, defendant below, sought dismissal of this action as time-barred. The interlocutory order denied the dismissal request finding that the action was saved by 12 O.S.1991, § 100. We find that the undisputed facts clearly establish that this action is time-barred and we issue a writ of prohibition.

■ Title 12 O.S.1991, § 952 provides for an immediate review of an interlocutory order involving the merits of a case. Ordinarily an interlocutory ruling at the pre-answer stage is not subject to appeal. In such a case, the appeal may be recast by the reviewing court as an original proceeding. *First National Bank and Trust Co. v. Arles*, 816 P.2d 537 (Okla.1991).

The statement of the trial court, required for appellate review of an interlocutory order, suggests that review may dismiss the petitioner from having to defend. The petition for certiorari asks this court to find that this action cannot be maintained in the district court. The relief sought is in the nature of a writ of prohibition. The petition for certiorari is recast as an application to assume original jurisdiction and petition for writ of prohibition. *First National Bank and Trust Co. v. Arles, Id.;* and *Amarex, Inc. v. Baker,* 655 P.2d 1040 (Okla.1983). We assume original jurisdiction.

■ The facts essential to the time limitation issue are not disputed. Petitioner/defendant, Rich, allegedly assaulted plaintiff/respondent, Hull, on January 7, 1988. Hull sued Rich on January 6, 1989, within the one year limitation period in 12 O.S.1981, § 95 Fourth. Hull's attorney of record withdrew as counsel of record and the action was dismissed without prejudice to refiling on August 13, 1990. Hull, pro se, filed a second action for damages arising out of the assault on August 9, 1991. Hull obtained service of process upon Rich on February 7, 1992, more than a 180 days after the filing of the petition. The second action was dismissed under 12 O.S.1991, § 2004(I). Within one year of the dismissal of the second action, Hull filed a third action for damages arising out of the assault on March 19, 1992. We find these facts clearly establish that the third action is time-barred.

Petitioner, Rich, asserts that the trial court erred in overruling his motion to dismiss because the savings statute, 12 O.S. 1991, § 100, permits only one subsequent action to be filed within one year after the limitation period for the original action has run and the plaintiff's original action failed other than on the merits. Respondent, Hull, asserts that a third action should be allowed where the second action was dismissed for failure to obtain service of process within 180 days and urges that *U.S. v. Swyden*, 175 Okl. 475, 53 P.2d 284 (1936) is distinguishable on the facts and procedure.

Rich's argument is consistent with our recent pronouncements in *Grider v. USX Corporation*, 847 P.2d 779 (Okla.1993). *Grider* reaffirms the *Swyden* interpretation of § 100: "Our interpretation of Section 100 has been, and is, that it affords one and only one refiling if a case is dismissed after limitations has run. *U.S. v. Swyden*, [175 Okl. 475], 53 P.2d 284, 288 (Okla.1936)." Appeal is the only remedy available to preserve the right to maintain an action where the refiling has been dismissed other than on its merits after the time limitation for filing the original action has run. Section 100 does not save to Hull the right to maintain the second refiling in this cause. The district court erred as a matter of law in overruling Rich's motion to dismiss.

The Honorable Rocky L. Powers, presiding judge in case No. C–92–28, pending before the district court in Bryan County, State of Oklahoma, or any other assigned

judge, is hereby prohibited from proceeding further in said cause.

**ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION ISSUED.**

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., dissents.

SIMMS, Justice, dissenting:

I must respectfully dissent. This matter is neither an appeal as a matter of right from an interlocutory order, nor a certified interlocutory order of the trial court which conforms to the Supreme Court Rules governing review of certified interlocutory orders.

Petitioner does not seek the writ of prohibition which this Court, nonetheless, grants him. Instead, petitioner seeks review of a trial court order overruling a motion to dismiss, which is a non-final, non-appealable order.

I would refuse to entertain the matter until it is properly before us.