FILED
United States Court of Appeals
Tenth Circuit

October 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

GREGORY JOHNS HYATT,

    Plaintiff - Appellant,

v.

BOARD OF REGENTS OF OKLAHOMA
COLLEGES, ex rel. SOUTHWESTERN
OKLAHOMA STATE UNIVERSITY;
THE OFFICE OF JUVENILE AFFAIRS;
ROBERT E. CHRISTIAN, in his
individual capacity; JANA WAFFLE, in
her individual capacity; JOHN DOES, in
their individual capacity,

    Defendants - Appellees.

No. 16-6029
(D.C. No. 5:14-CV-00511-D)
(W.D. Okla.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
————————————————————

    Gregory Johns Hyatt appeals from the district court's order dismissing his

claims under 42 U.S.C. § 1983 and Oklahoma state law against various defendants

whom he contends are responsible for the abuse he suffered while committed to the

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

custody and supervision of the Oklahoma Office of Juvenile Affairs ("OJA").

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

When Mr. Hyatt was still a minor, the OJA placed him in a rehabilitation program run by Southwestern Oklahoma State University ("SWOSU"). For purposes of this appeal, we accept Mr. Hyatt's contention that his constitutional rights were violated when a security officer at the program used threats to coerce him into a sexual relationship, provided him with alcohol and marijuana, and on one occasion removed him from the program grounds, drove recklessly while he was in her car, and took pictures of him naked.

In his second amended complaint, Mr. Hyatt asserted a § 1983 claim against Robert E. Christian, the executive director of the OJA, in his individual capacity on a theory of supervisory liability. He also asserted a state-law claim against the OJA and SWOSU for negligent supervision.

The district court dismissed the complaint for failure to state a claim. With respect to the § 1983 claim, the court found Mr. Hyatt failed to allege facts that would show Mr. Christian caused the constitutional violation or was deliberately indifferent to the risk of such a violation occurring. With respect to the claim against the OJA and SWOSU, the court found Mr. Hyatt failed to allege facts that would show there was any reason to believe the security officer had a propensity to engage in such conduct; therefore, he did not state a plausible claim for negligent supervision.

## II. Analysis

We review de novo the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "[A] complaint must contain enough allegations of fact, taken as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted). We disregard legal conclusions and conclusory statements to determine whether the factual allegations plausibly suggest a basis for holding a defendant liable. *Id.* at 1191.

## A. Appellate Jurisdiction

As a threshold matter, we address our jurisdiction over this appeal. This court raised the issue sua sponte because it appeared Mr. Hyatt had attempted to create a final judgment by dismissing without prejudice his claims against the security officer. *See Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006) ("Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court."). In response, Mr. Hyatt argues that since the claims against the security officer had already been dismissed and refiled pursuant to Oklahoma's savings statute after the initial statute of limitations had run, *see* Okla. Stat. tit. 12, § 100, they were not subject to further proceedings in federal or state court, and therefore the district court's order dismissing his other claims is final and appealable. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001); *see also Hull v. Rich*, 854 P.2d 903, 904 (Okla. 1993) (stating that

3

the savings statute "affords one and only one refiling if a case is dismissed after limitations has run" (internal quotation marks omitted)). The defendants agree with Mr. Hyatt's contention that, under the circumstances of the case, the dismissal of the claims against the security officer was effectively a dismissal with prejudice.

We agree that we have jurisdiction. The incidents giving rise to this action allegedly occurred from November 3, 2011 through January 31, 2012. Mr. Hyatt's § 1983 claim was subject to a two-year statute of limitations. *See Kripp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006) (applying Oklahoma's two-year statute of limitations in a § 1983 action). The case was first filed in federal court on November 26, 2012, and dismissed without prejudice on April 10, 2013. The case was then refiled in state court on April 9, 2014, pursuant to Oklahoma's savings statute, before it was removed back to federal court. Mr. Hyatt filed a notice voluntarily dismissing the security officer as a defendant on January 13, 2016. The following day, the district court entered its judgment, stating that the action against the security officer is dismissed without prejudice. Nonetheless, because the statute of limitations had already run when the case was refiled and the savings statute allows only one refiling, the district court's judgment finally disposed of the case and is therefore appealable. *See Jackson*, 462 F.3d at 1238.

## B. Supervisory Liability Claim

Mr. Hyatt argues that the complaint alleges sufficient facts to support a supervisory liability claim against Mr. Christian.

4

Under § 1983, supervisors are not vicariously liable for the misconduct of their subordinates but may be held liable only "for their own culpable involvement in the violation of a person's constitutional rights." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). To succeed on a supervisory liability claim, a plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). "[A] plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna*, 455 F.3d at 1151 (internal quotation marks omitted). Mere negligence is insufficient to establish liability; rather, a supervisor must have acted "knowingly or with deliberate indifference that a constitutional violation would occur." *Id.* (internal quotation marks omitted).

The complaint vaguely alleges that Mr. Christian had "ultimate responsibility for OJA program policies and procedures . . . and supervision of OJA program personnel"; that he "failed to ensure the . . . policies and procedures provided adequate protection for [Mr. Hyatt's] constitutional rights"; and that he "failed to adequately supervise [the security officer] and promulgated, implemented and maintained policies that allowed her repeated conduct to continue over a period of several months." Aplt. App. at 141-42. The complaint does not specify which policies or procedures were inadequate to protect Mr. Hyatt's constitutional rights,

5

much less establish the requisite affirmative link between Mr. Christian and the security officer's alleged misconduct. "[I]t is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (internal quotation marks omitted); *see also Serna*, 455 F.3d at 1153 ("[S]upervisory liability must be based upon active unconstitutional behavior and more than a mere right to control employees." (internal quotation marks omitted)). Nor do these allegations demonstrate that the security officer's misconduct was caused by Mr. Christian's failure to implement different polices or procedures. We therefore conclude the allegations in Mr. Hyatt's complaint do not establish a plausible basis for relief based on any conduct by Mr. Christian.

Mr. Hyatt's reliance on *Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008), is misplaced. There, a sheriff at a jail where sexual assaults had previously occurred "was on notice of the dangerous conditions in the jail and was aware that his own indifference toward jail operations had contributed to those conditions." *Id.* at 917. As a result, we concluded that he "was under a duty not only to take reasonable measures to remedy the circumstances that directly led to the sexual assaults, but to cure his own lack of attention and unresponsiveness to inmate complaints and other indicators of serious problems with his detention staff." *Id.* Although Mr. Hyatt argues Mr. Christian's deliberate indifference may be inferred because the misconduct took place over several months, the complaint does not allege any facts

6

to suggest that Mr. Christian actually knew of or acquiesced in the security officer's misconduct or that he ignored any indications of serious problems at the program.

## C.  Negligent Supervision Claim

Mr. Hyatt argues that the complaint alleges sufficient facts to support a negligent supervision claim against the OJA and SWOSU.

To state a claim for negligent supervision under Oklahoma law, "[t]he critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999).  Here, no facts are alleged which would demonstrate that the OJA or SWOSU had any notice or reason to know of the security officer's propensity to engage in the type of misconduct at issue in this case. Consequently, we conclude that the complaint fails to state a cause of action against either the OJA or SWOSU.

## III.  Conclusion

The district court's order is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge

7